UNITED STATES of America,

v.

Marilyn BUCK, a/k/a "D", a/k/a "Carol Durant", a/k/a "Nina Lewis", a/k/a "Diana Campbell", a/k/a "Norma Miller", Defendant.

No. 84 Cr. 220 (CSH).

United States District Court, S.D. New York.

May 17, 1985.

714

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City (Patricia Anne Williams, Asst. U.S. Atty., New York City, of counsel), for the Government.

Susan V. Tipograph, New York City, for defendant.

## ORDER

CANNELLA, District Judge:

The Government's motion for pretrial detention is granted. 18 U.S.C. § 3142(d)(1)(A)(ii), § 3142(d)(2), § 3142(e), § 3142(f).

### PROCEDURAL HISTORY

Defendant Marilyn Buck is charged in an eight-count indictment with racketeering conspiracy, participation in a racketeering enterprise, armed bank robbery and three bank robbery killings as a result of her involvement in the escape of Joanne Chesimard from the Clinton, New Jersey Correctional Facility in 1979 and four armed robberies of armored trucks in New York and Connecticut from April 1980 through October 1981. A warrant for her arrest was issued on April 11, 1984 by Judge Milton Pollack.

Ms. Buck was imprisoned in 1974 on a total sentence of ten years arising out of separate convictions in Arizona and California for utilizing false identification for the purchase of ammunition and a weapon. She was granted a furlough in 1977 from the federal correctional institution at Alderson, West Virginia to confer with her present counsel in New York, but failed to return to West Virginia. An arrest warrant was filed on July 5, 1977 by the United States District Court for the Southern District of West Virginia.

Ms. Buck was rearrested on May 11, 1985 in Dobbs Ferry, New York. Because Judge Kevin T. Duffy had presided over the "Brink's" trial, he took defendant's ar-

raignment on May 13, 1985. Judge Duffy entered a not guilty plea for Ms. Buck after she refused to enter any plea. Transcript of May 13, 1985 [Tr. I] at 4. Judge Duffy also remanded defendant without bail pursuant to 18 U.S.C. § 3142(d)(1)(A)(ii). Tr. I at 5, 8, 10. On May 14, 1985, the Court, sitting as the Part One Judge, was informed by Judge Duffy that after due consideration, he could not treat the present indictment as a superceding indictment to the "Brink's" case, and that defendant's initial appearance should have taken place before the Part One Judge.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3150, contains two sections supporting pretrial detention of Ms. Buck—18 U.S.C. §§ 3142(d) and 3142(e). Section 3142(d) applies when the arrested defendant is on a form of conditional release from another federal or state offense, 18 U.S.C. § 3142(d)(1)(A)(ii), and the Court determines that the defendant may flee or pose a danger to another person or the community. 18 U.S.C. § 3142(d)(2). When both of these conditions are satisfied, the Court must order the defendant temporarily detained for up to ten days—not counting weekends and holidays—and must direct the Government to notify the appropriate courts and law enforcement officials. If defendant is not taken into custody within ten days, she must be treated in accordance with the other provisions of the Bail Reform Act.

Under section 3142(e), the Court can order pretrial detention if, after a hearing pursuant to section 3142(f), it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial and the safety of any other person and community. Section 3142(f) provides that the Court must hold a hearing if the Government moves for a hearing and if the case involves, either (A) a crime of violence as defined by section 3156; (B) an offense for which the maximum sentence is life imprisonment or death; (C) certain narcotics offenses; or (D) any felony, if the defendant already has two federal or equivalent state convictions

for a crime of violence, a crime punishable by life imprisonment or a ten-year drug felony. 18 U.S.C. § 3142(f)(1)(A)–(D). The Court must also hold a detention hearing upon the Government's motion in a case that involves a serious risk that the defendant will flee, obstruct justice, or intimidate prospective witnesses or jurors. 18 U.S.C. § 3142(f)(2)(A), (B). The pretrial detention hearing mandated by section 3142(f) must be held immediately upon the defendant's first appearance before the Court unless either the Government or the defendant asks for a continuance.

It remains unclear if the Court's determination that a defendant may flee or pose a danger under section 3142(d)(2) requires a full hearing. Additionally, it is questionable whether the Bail Reform Act "moratorium" created by a ten-day detention under section 3142(d) is sufficient to trump the Government's request for a hearing pursuant to section 3142(f).

At the May 13 hearing, the Government requested Ms. Buck's detention under both section 3142(d) and 3142(e), (f). Tr. I at 5, 6, 10. The Government requested the latter mandatory hearing because the eight-count indictment charges a crime of violence under section 3142(f)(1)(A) and there is adequate evidence that there is a serious risk of flight under section 3142(f)(2)(A). Tr. I at 10. The Court notes that a section 3142(f)(1)(B) hearing may also be required because counts five and eight of the indictment charge defendant with bank robbery killings in the Bronx, Nyack and Nanuet, New York, crimes punishable by death under 18 U.S.C. § 2113(e).

Judge Duffy decided to proceed only under section 3142(d), finding that the Government's request for detention under sections 3142(e) and (f) did not require a hearing at that time. Tr. I at 10–11. Although Judge Duffy did not make an explicit finding pursuant to section 3142(d)(2), he found that Ms. Buck, as an escaped felon, was on conditional release pursuant to section 3142(d)(1)(A)(ii). Tr. I at 8. Finding that this section necessitated man-

datory detention, he remanded defendant without bail. Tr. I at 6, 7, 10. Although the Government has characterized the proceedings before Judge Duffy as a proper hearing "in essence", Transcript of May 16, 1985 [Tr. II] at 18, the colloquy between defendant's attorney and Judge Duffy after his remand order suggests otherwise. Tr. I at 10–11; *see* Tr. II at 6.

On May 16, 1985, the Court, sitting as Part One Judge, held a hearing for purposes of case assignment, to decide whether to have a hearing on the Government's request for pretrial detention, and for arraignment *de novo* because of the "wrinkles" in this case. Tr. II at 2, 5, 12, 16. Defendant again refused to enter a plea because "as a captured antiimperialist resistance fighter" she demanded a joint trial with the "allies" and "forces" of the New Afrikan Independence Movement. The Court thereafter entered a plea of not guilty on her behalf. Tr. II at 5.

Recent orders of Magistrate Sharon E. Grubin and Judge Robert L. Carter released on bail eight defendants charged with conspiracy to commit armed bank robbery in connection with the facts alleged in the present indictment. *See United States v. Chimurenga,* 760 F.2d 400 (2d Cir.1985) (affirming orders). Additionally, the Second Circuit has strictly construed the Bail Reform Act to require a pretrial detention hearing immediately upon a defendant's first appearance before a judicial officer. *See United States v. Payden,* 759 F.2d 202 (2d Cir.1985) (special exceptions to the first appearance requirement because of the timing and nature of a case could weaken the procedural fabric of the Bail Reform Act). Accordingly, the Court determined that the more prudent course was to attempt to proceed with the pretrial detention

hearing in the interests of justice and judicial economy rather than have defendant wait until a future third appearance before the trial judge.

The Court attempted to start the hearing and listen to the Government's requests but defendant's attorney interjected and maintained that there had been a waiver of a detention hearing pursuant to the stringent requirements set forth in *Payden.* Tr. II at 6–7; *see* Tr. I at 10. Defendant's attorney demanded that reasonable bail be set for Ms. Buck. Tr. at 7. The Court granted *sua sponte* an exception to its ruling and gave defendant's attorney two recesses for purposes of preparing for the hearing. Tr. II at 8. Defendant's attorney had previously asserted that defendant had been prepared to go forward with a detention hearing before Judge Duffy. Tr. II at 6. Moreover, defendant's attorney had been notified on May 15, 1985, of this Court's intention of holding such a hearing. Defendant's attorney, after the second recess, announced that defendant was going to make a statement at that time. Because defendant was out of turn, the Court stated twice that it did not want to hear from her at that point and that she could speak at the proper time in the course of the hearing. Defendant ignored the Court's directions, rose and commenced to speak. The Court again stated that it would not hear any statements. Defendant continued to speak. The Court ordered her to "[s]it down, please". Defendant continued to speak, defying the Court's fourth separate but closely spaced order to refrain from making any statements at that time. The Court then ordered the United States Marshals to remove defendant from the courtroom. Tr. II at 8–9.[1]

1. MS. TIPOGRAPH: Miss Buck would like to say something to the Court.
   THE COURT: I don't want to hear her now.
   MS. TIPOGRAPH: Miss Buck has something to say to the Court.
   THE COURT: She can only say it through the course of the—[hearing]
   MS. BUCK: I don't believe there should be a hearing. I have a few statements to say.
   THE COURT: No statements [Ms. Buck continued to speak] Sit down, please. [Ms.

Buck continued to speak] Marshal. Take her out of here.
   MS. BUCK: This is a—
Tr. II at 8–9.
   MS. WILLIAMS: Your Honor, I just wanted to indicate again for the record, Miss Tipograph was leaving in the course of my attempts to correct her misstatements earlier, and then repeated them, her last statements as to her client being beaten, and regardless of

■ The Court held a brief pretrial detention "hearing" at which defendant and her counsel refused to participate.[2] The Government moved for pretrial detention and the Court then granted the Government's application under sections 3142(d), (e) and (f) and stated that a post-hearing memorandum would be filed. Tr. II at 18.

## DISCUSSION

*Section 3142(d)*

■ Defendant became a fugitive after breaching the conditions of her furlough from the federal correctional institution at Alderson, West Virginia in 1977. Nonetheless, the Court finds that defendant was still technically on conditional release from her sentence at the time she is alleged to have committed the offenses charged in the indictment. Accordingly, section 3142(d)(1)(A)(ii) applies. Additionally,

based upon her status as a fugitive, her comments made before Judge Duffy and this Court, and the serious charges in the indictment, the Court finds that defendant may flee or pose a danger to the community and other persons if released on bail. 18 U.S.C. § 3142(d)(2). Accordingly, the Court orders the detention of Marilyn Buck until May 28, 1985, and directs the Government to notify the appropriate courts and law enforcement officials. 18 U.S.C. § 3142(d) (ten-day period starts to run from Judge Duffy's section 3142(d) detention order).

*Sections 3142(e)/(f)*

■ The Government's requests for a section 3142(e) and (f) pretrial detention hearing are mandated because defendant is charged with (1) crimes of violence, *see e.g.*, *Chimurenga*, at 403–04 (conspiracy to commit armed robbery is a crime of violence);

---

her feelings about her client being carried out of the courtroom, that is what happened.

This courtroom, for the record, at the time was filled with members of the press, defendants, defense lawyers, assistants and other assorted personnel, and I think that it would be perfectly clear if anyone were to ask that there was no beating that took place, but that she was lifted bodily by several marshals and carried from the room.

The reference to stun guns, although perhaps interesting and colorful has nothing to do with anything that happened in this courtroom, and the record should clearly reflect that.

Tr. II at 14–15.

2. The Court declared a recess to allow defendant's counsel an opportunity to speak with her client. The Court repeated on a number of occasions that it would listen to any statements that defendant wished to make, but that it would not hear her at the present time. Defendant's counsel apparently relayed the Court's offers to defendant, but defendant's counsel notified the Court that defendant did not want to participate in the hearing and that defendant's counsel had been directed not to participate in the hearing and to leave the courtroom. Defendant's counsel did so. Tr. II at 10–16. As an officer of the court, defendant's counsel could have proceeded with the hearing after the Court issued an exception to its ruling or she could have sought a writ of mandamus. She should not have simply left the courtroom.

At this point, the Court had several options, among which was to forcibly bring defendant back to the courtroom and bind and gag her, if necessary. Rather than create any further confrontations, the Court decided to continue the detention hearing.

A defendant has a constitutional right to be present at her arraignment and at every stage of her trial, unless she effectively waives her right by voluntarily absenting herself from the courtroom. *See Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973) (per curiam); Fed.R.Crim.P. 43(a), (b). It appears, however, that defendant's absence from a pretrial detention hearing may not, in any case, constitute an abridgement of her rights. *See United States v. Zuccaro,* 645 F.2d 104, 106 (2d Cir.) (per curiam) ("The setting of additional conditions of bail [at second bail hearing] is neither a stage of the trial nor any of the other proceedings at which Fed.R.Crim.P. 43 requires the presence of the defendant"), *cert. denied,* 454 U.S. 823, 102 S.Ct. 110, 70 L.Ed.2d 96 (1981). In any event, defendant's "disruptive behavior" caused her to lose her right to be present at the hearing and she failed to reclaim the right when the Court offered her a chance to return to the courtroom. *Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970). Accordingly, the Court had the authority to proceed with the detention hearing *in absentia.*

718

(2) a crime for which the maximum sentence is death, *see* 18 U.S.C. § 2113(e) (bank robbery killings); and (3) because there is a serious risk that defendant will flee if released on bail. 18 U.S.C. § 3142(f)(1)(A), (B); § 3142(f)(2)(A).

■ The Court notes that the "rebuttable presumption" provision of section 3142(e) does not apply on these facts. In any event, the Government has the burden of proving by clear and convincing evidence that defendant will pose a danger to the safety of others or the community or that there is a preponderance of the evidence demonstrating that defendant would not return to court if released on bail. *See Chimurenga,* at 405–06.

■ Based upon the Government's proffer at the "hearing", Tr. II at 16–18, the available information concerning defendant and the nature and circumstances of the crimes with which she is charged, 18 U.S.C. § 3142(g), and the statements made by defendant before the Court and Judge Duffy, the Court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant at trial if released on bail and that she poses a danger to the safety of other persons and the community.

Accordingly, the Government's motion for pretrial detention is granted. 18 U.S.C. § 3142(e), (f).

## CONCLUSION

The Court orders that the defendant be committed to the custody of the Attorney General or his duly authorized representative for confinement in a correctional facility. Insofar as it is practicable and necessary, the defendant is to be held in accordance with the provisions of section 3142(i)(2). Defendant shall be afforded a reasonable opportunity for consultation with counsel. 18 U.S.C. § 3142(i)(3).

SO ORDERED.