**UNITED STATES of America,**

v.

**Jose Santa-Cruz LONDONO; Jose Omar Sanchez; Jairo Escobar; Fouad Hazzi; Angelica Carvajal; Soffy Mejia Carvajal; Luz Marina Carvajal; and Luis Soto Garcia, Defendants.**

**No. 85 CR 596(S).**

United States District Court, E.D. New York.

May 14, 1987.

See also 659 F.Supp. 758.

Barry Ivan Slotnick, New York City (Richard A. Medina, of counsel), for defendant Sanchez.

Stephen P. Scaring, Mineola, N.Y., for defendant Escobar.

David S. Zapp, New York City, for defendant Luz Marina Carvajal.

James DiPietro, New York City, for defendant Soffy Mejia Carvajal.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Ephraim Savitt, Asst. U.S. Atty., of counsel), for U.S.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Although eight defendants are named in this superseding indictment, the trial of which is scheduled to commence on May 18, 1987, it appears that only one—Jairo Escobar—remains in this jurisdiction. Jose Santa-Cruz Londono, Fouad Hazzi and Angelica Carvajal are believed to have left the country even before their indictments and have never appeared before this Court. Vicky Quijano, who had been named in the original indictment, and Luis Soto Garcia were murdered while on bail. Soffy Mejia Carvajal and Luz Marina Carvajal were arraigned on the superseding indictment but have now apparently departed. Jose Omar Sanchez' arraignment on the superseding indictment was adjourned at his request, but he has disappeared in the meantime. He has been arraigned on the original indictment. The government now moves to try Sanchez and the sisters Carvajal in absentia.

A defendant may knowingly and intelligently waive his sixth amendment right to be present at his trial, *United States v. Sanchez*, 790 F.2d 245, 248 (2d Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986), by voluntarily and deliberately absenting himself from the trial without good cause, *United States v. Pastor*, 557 F.2d 930, 933 (2d Cir.1977). "It must clearly appear in the record ... that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place before the trial may proceed in his absence." *United States v. Tortora*, 464 F.2d 1202, 1208–09 (2d Cir.), *cert. de-*

*nied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

There is no real dispute that the defendants' absence is knowing, in that they were aware of the May 18 trial date. Each was present on more than one occasion when the date was discussed in court, and each was in contact with his or her attorney, who apprised his client of the date.[1] *See Sanchez, supra,* 790 F.2d at 249. There is disagreement, however, over whether defendants' absence can be said to be voluntary.

"A defendant may not *unilaterally* set the time or circumstances of his trial; rather, [he] bears the burden of justifying his absence from a known proceeding against him.... [H]e must in some way make known to the court his intention to exercise [his right to be present at his trial.]" *Sanchez, supra,* 790 F.2d at 249–50 (citations omitted) (emphasis in original). Counsel's acknowledgement that " 'there is no evidence of where [the defendant] is' ... adequately supports the ... conclusion that [the defendant has] 'willfully absented himself without a reason.' " *Id.* at 250.

■ Sanchez' attorney has candidly admitted that he has no idea where his client is, and that family members have provided no assistance. In addition, although a bench warrant has been issued, agents have been unable to locate the defendant. This suffices under *Sanchez* to establish that Sanchez has voluntarily absented himself.[2]

■ There is even more evidence that the Carvajals have departed voluntarily. One of the sureties has reported that Soffy called him and stated that she was at the airport, that she was leaving, and that she would "take care of" her obligations to

him. The surety later went to Soffy's residence, where the furniture was being taken out by movers, who said the items were being sent to Florida. Luz could not be located at her residence, and the children of both sisters were not in school. Finally, Luz' and Soffy's sister's estranged husband said that they were in Florida, although he did not know where, and that someone would contact the surety the following week about the house he had put up as security. Bench warrants have been issued, but neither sister has turned up either here or in Florida. These facts amply support the conclusion that the Carvajals have willfully left this jurisdiction.

> Where the court finds that the defendant has voluntarily absented himself from the proceedings, it may decide to proceed in his absence only after balancing a "complex of issues" including the additional burdens, waste and expense inflicted upon the court, government, witnesses, and co-defendants, and the public's interest in seeing the accused brought to trial as well as the court's responsibility to do so speedily.

*Pastor, supra,* 557 F.2d at 934. The trial judge's "discretion [to order trial in absentia] should be exercised only when the public interest clearly outweighs that of the voluntarily absent defendant." *Tortora, supra,* 464 F.2d at 1210. Factors to be considered include

> the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial

---

1. Fed.R.Crim.P. 43(b) provides that the "further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present, (1) voluntarily absents himself after the trial has commenced...." It is suggested that this language means that a defendant who flees *before* trial cannot be tried in absentia. The Second Circuit has rejected this contention. *See United States v. Tortora,* 464

F.2d 1202, 1208 (2d Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

2. Defense counsel argues the recent homicides of co-defendants suggest that Sanchez has met with foul play. There is no evidence that this is the case, however. Moreover, the argument cuts both ways: the killings equally support the inference that Sanchez intentionally fled seeking to avoid a similar fate.

might keep the Government's witnesses in substantial jeopardy.

*Id.*

■ In this case, virtually all these factors weigh in favor of proceeding without the missing defendants. First, it is unlikely that a trial in the defendants' presence could take place in the near future. There is no indication that these voluntary absences are temporary, and despite the issuance of bench warrants, no new information as to the defendants' whereabouts has been discovered. *See Sanchez, supra,* 790 F.2d at 251. This factor is especially significant, *see id.,* in light of the public's interest in speedy trials, *see Pastor, supra,* 557 F.2d at 934; 18 U.S.C. § 3161 *et seq.,* and "given the current spate of multi-count indictments charging multiple defendants and requiring the commitment of literally weeks and months of trial time," *Sanchez, supra,* 790 F.2d at 251.

Second, scheduling has been a major problem in this case, from both the Court's and counsel's perspectives. Conflicting commitments have already caused lengthy delays in the trial of an indictment returned in October 1985.

Third, it would be quite burdensome if the government were required to undertake two or more trials. The ten-count indictment resulted from a lengthy investigation, and "the government has spent significant time, energy and money preparing for trial and assembling witnesses and a panel of veniremen in the expectation that trial will proceed as scheduled." *Pastor, supra,* 557 F.2d at 934. Because it is alleged that defendants were part of a conspiracy, separate trials would result in considerable duplication of evidence. Such a procedure would also expose government witnesses, some of whom are informants whose identities have not yet been revealed, to extended danger. *See Tortora, supra,* 464 F.2d at 1210.

Finally, separate trials would waste scarce judicial resources, burden jurors and the Court, and constitute "an unwarranted delay in the expeditious administration of justice," *id.* Neither severance nor adjournment is a palatable alternative to trial in absentia in this case. The former "would [require] that the government preserve records and other evidence and retain witnesses for a possible second trial sometime in the indefinite future." *Sanchez, supra,* 790 F.2d at 251. Postponement of the entire trial would burden "both the Government, which [is] ready to proceed on [May 18], and [Escobar], who [is also ready to proceed and who] ha[s] his own right to a speedy trial." *Id.*

■ Sanchez' counsel argues that because Sanchez was never arraigned on the superseding indictment, he cannot be tried in absentia on that indictment. The superseder did not cause a change in the trial date, and while new charges were added, the scope of the alleged conspiracy was in fact somewhat constricted. Defense counsel argues, however, that the superseding indictment constitutes a "new accusatory instrument" upon which Sanchez cannot be tried without being arraigned.

Counsel is quite right that "[b]efore a trial may proceed in the defendant's absence, the judge must find that the defendant has had adequate notice of the charges and proceedings against him.... Thus no defendant can be tried until after he personally has entered a plea to the charge." *Tortora, supra,* 464 F.2d at 1209. The defendant must have personally appeared before he can be deemed to know of the proceedings, because "not until the defendant answers the indictment by pleading in open court to the charges therein can a court know with certainty that the defendant has been apprised of the proceeding begun against him." *Id.* Here, of course, the defendant has been arraigned once, so he clearly knew that proceedings had been started.

Moreover, Sanchez had been informed of the return of the superseding indictment and had discussed it with his lawyer. The scheduled arraignment on the superseder was adjourned at Sanchez' request. Because he then availed himself of this opportunity to depart, he should not be heard to argue that the failure to arraign him bars a trial in absentia.

The right to arraignment, like the right to be present at trial, can be waived by a deliberate failure to appear. *United States v. Buck*, 609 F.Supp. 713, 717 n. 2 (S.D.N.Y.1985). Sanchez has done so here. Accordingly, he will be deemed to have entered a plea of not guilty, and the case against him will proceed to trial as scheduled. His notice of these proceedings was more than adequate.

Accordingly, for the reasons stated above, if defendants Jose Omar Sanchez, Soffy Mejia Carvajal and Luz Marina Carvajal fail to appear for trial on May 18, this Court will, barring any material change in circumstances, order that they be tried in absentia.

SO ORDERED.