UNITED STATES of America, Appellee,

v.

Penyu Baychev KOSTADINOV, a/k/a "Penyo B. Kosadinov", a/k/a "Penu B. Kostadinov", Appellant.

No. 535, Docket 83–1396.

United States Court of Appeals, Second Circuit.

Argued Oct. 26, 1983.

Decided Oct. 28, 1983.

412

Martin Popper, Wolf, Popper, Ross, Wolf & Jones, New York City, for appellant.

Ruth Glushien Wedgwood, Asst. U.S. Atty., Rudolph W. Giuliani, U.S. Atty. for the Southern Dist. of N.Y., New York City, for appellee.

Before LUMBARD, OAKES and KEARSE, Circuit Judges.

PER CURIAM:

This appeal is from an order of the United States District Court for the Southern District of New York, 572 F.Supp. 1547, David N. Edelstein, Judge, denying pretrial release on bail. The appellant, Penyu Baychev Kostadinov, was indicted on September 30, 1983, for attempted espionage in violation of 18 U.S.C. § 794(a) (1976) and for conspiracy to commit espionage in violation of 18 U.S.C. § 794(c) (1976). The district court held that this case presented "extreme and unusual circumstances" justifying pretrial detention without bail under 18 U.S.C. § 3146, citing *United States v. Abrahams,* 575 F.2d 3 (1st Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978); *United States v. Graewe,* 689 F.2d 54 (6th Cir.1982); and *United States v. Kirk,* 534 F.2d 1262, 1280–81 (8th Cir.1976),

*cert. denied,* 430 U.S. 906, 97 S.Ct. 1174, 51 L.Ed.2d 581, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977). *See also Ostrer v. United States,* 584 F.2d 594, 599 (2d Cir. 1978); *Gavino v. MacMahon,* 499 F.2d 1191, 1195 (2d Cir.1974). We affirm, without reaching the question whether in extreme and unusual circumstances bail may be denied pending trial under 18 U.S.C. § 3146.

We believe the district court should be affirmed under 18 U.S.C. § 3148 (1969), which explicitly permits the denial of pretrial bail in "capital" cases, that is to say, where the offense charged is punishable by death. Such denial is permitted when the court or judge "has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee ...." *Id.* It is true that the Government concedes that it will not seek the death penalty in the present case in part because of the uncertainties raised by *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), relative to the constitutionality of the existing procedures for implementing the death penalty. We agree, however, with the Ninth Circuit in *United States v. Kennedy,* 618 F.2d 557, 558 (9th Cir.1980), that *Furman* "did not necessarily have the effect of invalidating all statutes that were tied to the concept of a 'capital' case." *Id.* at 558. We think it plain that the purpose of the " 'capital' case" distinction in the bail statute derives from the nature of the offense with which a given defendant is charged and not from the potential severity of the punishment. See *United States v. Watson,* 496 F.2d 1125, 1128 (4th Cir.1973) (upholding right to two appointed attorneys on request in capital cases under 18 U.S.C. § 3005). There is no doubt, therefore, that the present case is a "capital" one for purposes of 18 U.S.C. § 3148, irrespective of the fact that the Government does not seek the death penalty facially available under 18 U.S.C. § 794(a) or (c).

It remains only to say that the findings made by the district court under 18

U.S.C. § 3146(b)[1] precisely apply under 18 U.S.C. § 3148. Those findings are that the nature and circumstances of the charged offense, and the severity of the penalty, up to life imprisonment, indicate the likelihood of flight, and that at least as indicated by the Government's supporting affidavit, the evidence appears overwhelming. The court also found that appellant is a Bulgarian national who entered the United States only as a Bulgarian government professional employee. He has no relatives permanently residing in the United States, his only meaningful ties being to the People's Republic of Bulgaria. Additionally, the court found that he has no "extensive ties in the community" unlike the applicant for bail in the case of *Truong Dinh Hung v. United States,* 439 U.S. 1326, 1329, 99 S.Ct. 16, 18, 58 L.Ed.2d 33 (1978) (Brennan, J., substituting as Circuit Justice).

As the district court pointed out, the only possible factor tending to indicate that conditions of release would "reasonably assure" that the appellant would not flee is the voucher by letter of October 5, 1983, from Ambassador Zulev of the People's Republic of Bulgaria. The district court accorded to this voucher "the utmost honor and respect," attributing complete sincerity to the Ambassador. As the district court pointed out, however, it is the appellant, not the Ambassador, who has been charged with espionage and thus who faces the possibility of life imprisonment. There is no indication here of a close personal relationship between appellant and the Ambassador, *cf. Truong Dinh Hung,* 439 U.S. at 1329, 99 S.Ct. at 18 (close relationship with sister whose home provided security for bail), or that the latter has any means of control over the former.

Nor has the United States Government intervened in this case in a way which might lead us to alter our weighing of the statutory considerations out of deference to the Executive. The United States Government, though queried by the United States Attorney's office, has as yet declined to take any position favoring acceptance of the Ambassador's assurance. *Cf. United States v. Enger,* 472 F.Supp. 490 (D.N.J. 1978) (court gives great weight to State Department's characterization of Soviet alien as diplomat).

Appellant argues that to consider the nature of the offense charged runs counter to the Eighth Amendment's injunction against "excessive bail." We disagree. The nature and circumstances of the offense, a charge of seeking to obtain classified information relating to American national defense on behalf of a foreign government, together with its accompanying severe penalty in the event of conviction, go to the question of risk of flight, a matter to which Congress specifically refers in § 3146(b). Unless one accepts the proposition that the Eighth Amendment mandates that a defendant be allowed bail in all cases, a proposition which has never been accepted by the Supreme Court and which at least as early as 1952 the Supreme Court specifically negated, *Carlson v. Landon,* 342 U.S. 524, 545, 72 S.Ct. 525, 96 L.Ed. 547 (1952), the appellant's argument must be rejected. Similarly, we find no merit in the appellant's contention that consideration of the weight of the evidence contradicts the presumption of innocence in criminal cases. If accepted, this view would lead to the proposition that bail could never be denied until after conviction, a proposition also negated by the Supreme Court in *Bitter v. United States,* 389 U.S. 15, 16, 88 S.Ct. 6, 7, 19 L.Ed.2d 15 (1967) (dictum); *see also Carbo v. United States,* 82 S.Ct. 662, 7 L.Ed.2d 769 (1962) (Douglas, Circuit Justice); *Fernandez v. United States,* 81 S.Ct. 642, 5 L.Ed.2d 683 (1961) (Harlan, Circuit Justice).

1. 18 U.S.C. § 3146(b) (1969) provides:

    In determining which conditions of release will reasonably assure appearance, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Finally, we find no merit in appellant's objection to the district court's considering the position of the Executive Branch. The Judicial Branch rightfully may consider whether the Executive Branch is willing or wishes to accept a foreign government's assurances that a foreign defendant will be available for trial.

For the foregoing reasons, we affirm the district court's denial of bail.

Judgment affirmed.