UNITED STATES of America, Appellee,

v.

Donald PAYDEN, Defendant-Appellant.

No. 701, Docket 84–1427.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1984.

Decided March 26, 1985.

Robert M. Simels, New York City, for defendant-appellant.

John K. Carroll, Asst. U.S. Atty., S.D. N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Stuart Abrams, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before MESKILL, KEARSE and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

■ This appeal presents an early challenge to the Bail Reform Act of 1984, to be codified at 18 U.S.C. §§ 3141–3150, and was heard on an expedited basis. Although the briefs address a wide range of issues concerning the Act and its application to Payden, we need consider only one issue. Because the "first appearance" requirement was not met, we reverse the decision of the United States District Court for the Southern District of New York, Edelstein, J.

I

Donald Payden was arrested on August 3, 1984 and charged with conspiracy to violate the federal narcotics laws, 21 U.S.C. § 846 (1982), and distribution and possession with intent to distribute heroin, 21 U.S.C. § 841 (1982). Following his arraignment on these charges, Payden was incarcerated in lieu of $250,000 bail. While Payden's attorney and the government were negotiating Payden's release, the defendant was arraigned on a superseding indictment charging him with organizing and supervising a continuing criminal enterprise, 21 U.S.C. § 848 (1982), a charge carrying a possible life sentence. That arraignment took place on October 17, 1984, five days after the Bail Reform Act took effect, but apparently before notice of its passage or provisions had reached the

court or the parties. On October 31, 1984, the government first moved for preventive detention under the Act. The hearing was delayed for two weeks to allow the parties to familiarize themselves with the Act's provisions. Following the hearing the parties were permitted to file briefs addressing specific aspects of the Act and its application.

The court ruled that Payden was to be detained pending his trial. First, the court held that there was "probable cause to believe that [Payden] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.)." 18 U.S.C. § 3142(e). This finding of probable cause brought into play the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.*

Next the court ruled that Payden's proffered evidence as to his past history and his ties to the community was sufficient to rebut the presumption. Based on evidence presented and proffered by the government, however, the court finally determined that no release conditions were sufficient to insure the safety of the community. Therefore Payden was ordered detained until his trial, which was to be scheduled early in 1985.

The district court's thorough opinion addressed a number of challenges to the Act and its application to Payden. Among them was the "first appearance" requirement.[1]

The Act states:

The [detention] hearing shall be held *immediately upon the person's first appearance before the judicial officer* unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the

---

1. The district court also held that the Act is not an *ex post facto* law, that the period of detention would not be excessive, that the Act is not vague and that application of the Act did not result in due process violations.

attorney for the Government may not exceed three days.

18 U.S.C. § 3142(f) (emphasis added).

The district court ruled that because the Act also provides for hearings in circumstances other than the first appearance, Payden's situation is "within the framework" of the Act. *United States v. Payden,* 598 F.Supp. 1388, 1392 (S.D.N.Y.1984). Thus, the court concluded that the first appearance requirement is not absolute, and that Payden's detention was proper.

## II

The district court's disposition of Payden's challenge to the application of the first appearance requirement was erroneous. Because the terms of the Act mandated its application to Payden at his October 17 hearing rather than two weeks later, we conclude that the district court's detention order must be reversed.

The court interpreted the Act to provide for hearings in two circumstances other than the first appearance. Specifically, the court noted that a hearing may be held to amend a release order pursuant to section 3142(c). *See* S.Rep. No. 225, 98th Cong., 2d Sess. 16–17, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3185, 3199–3200 [hereinafter Committee Report] (Committee contemplated change of release conditions after ex parte hearing, followed by hearing in defendant's presence). The court also found support for its conclusion in section 3148(b), which requires that a hearing be held prior to revocation of pretrial release.

The court viewed the October 17 hearing as one conducted to amend a release order because at that hearing Payden's pre-Act bail was continued. The court noted that Congress envisioned that amendment or revocation of release orders would occur as a result of "a changed situation or new information," Committee Report at 16, 1984 U.S.Code Cong. & Ad.News at 3199, and reasoned that the passage of the Act constituted new information. Therefore, the court concluded, "the contention that a hearing cannot be held except on a defendant's first appearance is not correct."

*United States v. Payden,* 598 F.Supp. at 1394 (footnote omitted). In a footnote the court added that the policy aims of the Act were not violated because Payden's incarceration following the superseding indictment occurred according to the requirements of due process. *Id.* at 1394 n. 7.

▇▇▇ Although the Act does provide for hearings in circumstances other than the defendant's first appearance, these provisions do not replace the first appearance requirement. The district court conceded that the Act requires that the detention hearing be held on defendant's first appearance. The language of the Act is clear and straightforward. Nothing in the Act suggests that the initial requirement is mitigated in any way by any subsequent hearings. Where statutory language is clear and unambiguous, we are not at liberty to adopt an interpretation different from that directed by the language. *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *Tennessee Valley Authority v. Hill,* 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978); *United States v. Holroyd,* 732 F.2d 1122, 1125 (2d Cir.1984); *Williams v. Pierce,* 708 F.2d 57, 61 (2d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984); *State of Connecticut v. United States Environmental Protection Agency,* 656 F.2d 902, 909–10 (2d Cir. 1981). *Cf. Viacom International, Inc. v. FCC,* 672 F.2d 1034, 1040 (2d Cir.1982).

We find no basis on which to conclude that this situation is one of the rare and exceptional circumstances justifying a departure from this "fundamental rule of statutory construction." *Holroyd,* 732 F.2d at 1125. Nor do we see any reason to believe that strict adherence to the language of the Act would subvert its purpose. *Viacom International,* 672 F.2d at 1040. While it is true that the district court's reason for ordering Payden's detention was its belief that he presented a danger to the community, a consideration not permissible under the previous bail act,

this element may not outweigh the procedural safeguards incorporated in the new Act. *Cf. Committee Report* at 8, 1984 U.S. Code Cong. & Ad.News at 3191. Despite the fact that the Act was to take effect immediately upon enactment, the legislative history's brief mention of the first appearance requirement contains no hint that it was not intended to apply to all defendants. *See id.* at 21–22, 1984 U.S. Code Cong. & Ad.News at 3204–05.

The district court was understandably concerned about the lack of forewarning of the passage of the Bail Reform Act. *United States v. Payden,* 598 F.Supp. at 1393 n. 4. However, this regrettable circumstance does not permit us to overlook incorrect application of the Act's provisions. Neither the fact that the court would have granted a continuance had one been requested, pursuant to the Act, at the October 17 hearing, *id.* at 1393 n. 3, nor the absence of prejudice to Payden's due process rights resulting from the late application of the Act, *id.* at 1394 n. 7, justifies a different conclusion. Moreover, the fact that a hearing was scheduled as soon as possible after notice of the Act's provisions was received, *id.,* does not alter the fact that the hearing did not occur on Payden's first appearance. Were we to hold that "as soon as possible" was close enough, we would be encouraging imprecise application of procedural requirements. This we should not do.

### III

We hold that the new Bail Reform Act was incorrectly applied to defendant Payden. Rather than permit a special exception to the first appearance requirement as a result of the timing of this case, thereby potentially weakening the procedural fabric of the Act, we reverse the decision of the district court and remand for reconsideration in accordance with the bail laws under which the court was effectively operating at the time of Payden's arraignment.[2]

---

**2.** We intend no limitation on other cases, pending at the time of the Act's passage, in which the new provisions were applied at the time of the defendant's first appearance.