**UNITED STATES of America,**

v.

**Alice MICHELSON, Defendant.**

**No. 84–CR–578(S–2).**

United States District Court, E.D. New York.

April 30, 1985.

Raymond J. Dearie, U.S. Atty. for the E.D. of N.Y., Jane Simkin Smith, Asst. U.S. Atty., Brooklyn, N.Y. (Carol B. Amon, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City (Leonard B. Boudin, Judith Levin, Betty St. Clair, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

█ Defendant is charged in a three-count indictment with conspiracy to transmit to the Soviet Union information relating to the national defense, 18 U.S.C. § 794, aiding and abetting Soviet agents in an attempt to receive classified information, 50 U.S.C. § 783(c); 18 U.S.C. § 2, and acting as an agent of the Soviet Union without notifying the Secretary of State. 18 U.S.C. § 1951. For purposes of the issue now before the Court, the first count charges a capital offense, notwithstanding the government's disclaimer of any intention to seek the death penalty. *See United States v. Kostadinov,* 721 F.2d 411, 412 (2d Cir.1983).

Defendant has moved for the third time for an Order releasing her on bail pending trial.[1] The two previous applications were denied on December 28, 1984 and March 5, 1985. Because of the sequence of events in this case, and the timing and effect of the Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141 *et seq.,* a somewhat detailed chronology is required.

### Facts

Defendant was arrested on October 1, 1984 at John F. Kennedy Airport in this district. She was arraigned on a complaint before Magistrate Caden on October 2,

---

**1.** This is actually the fourth time the issue of bail has been addressed in this case. The first time was at defendant's arraignment on the complaint, on October 2, 1984.

1984, charged with conspiracy to commit espionage, the crime now charged in Count One of the Indictment. He remanded defendant after finding, in accordance with *United States v. Kostadinov,* 572 F.Supp. 1547 (S.D.N.Y.), *aff'd,* 721 F.2d 411 (2d Cir.1983), that defendant posed a risk of flight. Defendant was not prepared at that time to make a bail application.

Defendant was indicted on October 10, 1984 for the offense charged in the complaint. On October 12, 1984, prior to defendant's arraignment on the Indictment, the Act went into effect. At defendant's arraignment before Magistrate Chrein on October 18, 1984, the Magistrate, with defendant's consent, referred the question of bail to this Court. The government took no position and, most significantly, did not seek a detention hearing as provided for in the Act. 18 U.S.C. § 3142(f).

The bail question lay dormant for several months, during which defendant was arraigned, without any discussion of bail, on the first of two superseding indictments. Finally, on December 28, 1984, defendant made her first application to this Court for bail, premising her argument squarely on the Act. Transcript of Dec. 28, 1984, at 6–15. In opposition, the government for the first time, requested a detention hearing in accordance with the Act.

After hearing counsel's arguments, the Court weighed the factors enumerated in § 3142(g) of the Act. These include the nature and circumstances of the offense, the weight of the government's evidence, and defendant's history, character, family ties, and length of residence in the community. Also considered was defendant's claim that the German Democratic Republic, and its Acting Ambassador to the United States, would guarantee defendant's presence in Court when necessary prior to trial. Although not suggesting any lack of *bona fides* on the part of the Acting Ambassador, the Court found "by clear and convincing evidence that no condition or combination of conditions set forth in [the Act] would reasonably assure the appear-

ance of the defendant at this point." Transcript of Dec. 28, 1984 at 36.

Several months later, on March 1, 1985, defendant was arraigned on a second superseding indictment, and made her second bail application to this Court. At this juncture, defendant for the first time suggested that, given the dates of the offenses charged (pre-Act), and the effective date of the Act, the old bail statutes should be applied. The Court adhered to its previous ruling and concluded that it was immaterial to the decision which bail statute governed: "Comparison of the new statute, 18 U.S.C. § 3142, with the old, 18 U.S.C. §§ 3146(b), 3148 (repealed October 12, 1984), demonstrates that the factors to be considered in ordering release or detention are the same." Memorandum and Order of Mar. 5, 1985 at 2 n. 1.

Finally, on April 15, 1985, defendant made this, her third, bail application. Taking an understandably pragmatic approach to the problem, defendant has renewed her earlier claim that the Act applies, and seeks solace from the Second Circuit's recent decision in *United States v. Payden,* 759 F.2d 202 (2d Cir.1985).

## *Discussion*

*Payden* presented the Second Circuit with facts similar to those now before the Court. On the date the Act became effective, October 12, 1984, Payden was incarcerated on narcotics charges in lieu of $250,000 bail. Five days later Payden was arraigned on a superseding indictment; the government did not seek a detention hearing at that time. On October 31, 1984, the government first moved for preventive detention under the Act.

Section 3142(f) of the Act governs when a detention hearing is to be held: "The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the government, seeks a continuance." 18 U.S.C. § 3142(f). The *Payden* Court held that by not seeking a detention hearing at the October 17, 1984 arraignment, defendant's first post-Act appear-

ance before a judicial officer, the government had forfeited its right to take advantage of the Act's detention provisions. *United States v. Payden, supra,* at 204–205.

■ Defendant's situation in this case is strikingly similar to that of Payden. When the Act became effective, defendant was incarcerated without bail and had just been indicted. Her arraignment took place six days after the Act went into effect. It is undisputed that the government did not seek detention at that arraignment, or five days later at defendant's first appearance before this Court.

Applying *Payden* to this case, it is obvious the government has not complied with the "first appearance" requirement of § 3142(f). As of October 18, 1984, therefore, the date defendant was arraigned, the government lost its right to a detention hearing under the Act. The question remains, however: what consequences ensue?

Defendant suggests that because the Act was violated, this Court must now set appropriate conditions of pretrial release. That, however, is not the remedy dictated by *Payden:* "[We] remand for reconsideration in accordance with the bail laws under which the court was effectively operating at the time of Payden's arraignment." *United States v. Payden, supra,* at 205 (footnote omitted). This Court, therefore, will apply to defendant's latest bail application the laws under which the Magistrate was "effectively operating" at defendant's arraignment on October 18, 1984; that is, the old bail statutes governing pretrial release in capital cases.

Prior to its repeal, 18 U.S.C. § 3148 provided that a person charged with a capital offense "shall be treated in accordance with section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3148 (repealed October 12, 1984). Nobody suggests that defendant poses a danger to any person or to the community; the controversy centers on whether she presents a risk of flight.

Section 3146(b) of the old bail act directs a court considering what conditions, if any, will reasonably assure appearance to consider

the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of this residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

18 U.S.C. § 3146(b) (repealed October 12, 1984). In ruling on defendant's December, 1984 bail application under the Act, this Court considered those same factors. Transcript of Dec. 28, 1984 at 33–36. Those are also the factors Magistrate Caden considered at defendant's pre-Act arraignment on the criminal complaint, and which were discussed in *United States v. Kostadinov,* 572 F.Supp. 1547 (S.D.N.Y.), aff'd, 721 F.2d 411 (2d Cir.1983).

Defendant claims that, as a collateral consequence of the government's failure to comply with the Act, this Court may not now consider any information not available to the government and proffered as of October 18, 1984. *See United States v. Resek,* 602 F.Supp. 1126 (S.D.N.Y.1985). Assuming without admitting that *Resek* was right, this Court will consider only information available to it on October 18, 1984.

The defendant also suggests that the Court cannot consider any findings made by Magistrate Caden at the October 2, 1984 arraignment on the complaint. The basis for this argument is that prior to its repeal by the Act, 18 U.S.C. § 3141 denied bail jurisdiction to Magistrates in all capital cases. There is, however, sufficient information available for this Court to rule on defendant's present application, independent of the Magistrate's findings. This information consists of the affidavit of David Major in support of the criminal com-

plaint, and in the data contained in the October 18, 1984 report from the Pretrial Services Agency.

■ The Major affidavit and the Pretrial Services report establish that defendant is charged with conspiracy to commit espionage, a capital offense. The evidence against her is strong, consisting mostly of conversations among a United States Army officer and defendant's unindicted co-conspirators, surveillance evidence, and taped conversations. Defendant is a citizen of East Germany who claimed to have been on her first trip to the United States at the time of her arrest. She admitted to the Pretrial Services Agency that she has no close relatives, friends or family ties in the United States, although her moving papers refer to a cousin in Texas.

In support of her present application, defendant once again relies on the assurances of the East German Ambassador, Dr. Gerhard Herder, that he will guarantee defendant's appearance in Court. Defendant also suggests that she will sign a personal recognizance bond, and that Dr. Herder will sign an appearance bond as Ambassador and on behalf ot he German Democratic Republic. Finally, defendant contends that because another East German national charged with espionage, Professor Zehe, was released to the custody of Ambassador Herder and appeared when required, she too merits the same treatment. *United States v. Zehe,* 601 F.Supp. 196 (D.Mass.1985).

Although there is no doubt as to the *bona fides* of Ambassador Herder, this Court remains convinced by a preponderance of the evidence[2] that no condition or combination of conditions will reasonably assure defendant's appearance when required. The word of Ambassador Herder, however sincere, is not sufficient. As was

pointed out by the district court in *Kostadinov,* Ambassadors serve at the pleasure of their government. Additionally, it is defendant, not Ambassador Herder, who is charged with espionage and who will be imprisoned if convicted. *See United States v. Kostadinov, supra,* 572 F.Supp. at 1552–53. Finally, it is significant that there is no extradition treaty between the United States and East Germany that would give reasonable assurance to the Court that defendant could be returned to the United States if she fled to her homeland.

Accordingly, defendant's third application for pretrial release is denied.

SO ORDERED.

---

2. The Bail Reform Act requires that if a defendant is to be detained prior to trial because he is a danger to the community, the government must make such a showing by "clear and convincing evidence." 18 U.S.C. § 3142(f). No standard is specified for detention based on risk of flight; this Court chose to apply the "clear and convincing" standard in its decision on December 28, 1984. The Second Circuit has recently held that the standard to be applied in risk of flight cases, under both the old and new Acts, is proof by a preponderance of the evidence. *United States v. Chimurenga,* 760 F.2d 400, 405–406 (2d Cir.1985).