UNITED STATES of America, Appellee,

v.

Anthony R. MARTIN–TRIGONA, Defendant-Appellant.

Nos. 1207, 1208; Docket 85–1082, 85–1098.

United States Court of Appeals, Second Circuit.

Argued April 10, 1985.
Decided July 10, 1985.

Van Graafeiland, Circuit Judge, concurred in result.

Thomas Dennis, Federal Public Defender, Hartford, Conn., for defendant-appellant.

Albert S. Dabrowski, Asst. U.S. Atty., Hartford, Conn. (Alan H. Nevas, U.S. Atty., D. Conn., Hartford, Conn., of counsel), for appellee.

Before LUMBARD, VAN GRAAFEILAND and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

This expedited appeal is from an order entered in the District of Connecticut (Dorsey, J.) in a proceeding brought against Anthony R. Martin-Trigona charging him with criminal contempt for his alleged violation of a permanent injunction issued by the United States District Court for the District of Connecticut. The events leading up to the issuance of the injunction have been fully detailed, *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.), *on remand*, 592 F.Supp. 1566 (D.Conn.1984) (injunction issued), *aff'd*, 763 F.2d 140 (2d Cir.1985), and need not be repeated here, except to say that appellant's unprecedented abuse of the legal system to attack and harass whoever crosses his path necessitated this injunction to limit his interference with the fair and efficient administration of justice within the federal system. 737 F.2d at 1261–64. The order appealed from required Martin-Trigona to submit to and cooperate with a psychiatric examination to determine his dangerousness to the community and his mental competence to stand trial. Martin-Trigona also appeals from an order that placed under seal three letters that he wrote, which were submitted by the government in support of its motion for psychiatric examination.

 We hold that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156, does not authorize a judicial officer to order as a condition of pretrial release a psychiatric examination to determine a defendant's dangerousness. Dangerousness must be decided on the basis of the information available at the bail hearing. Further, we hold that Martin-Trigona's appeal from that part of the order requiring him to undergo a competency examination is moot. Appellant was committed to the Federal Correctional Institution at Butner, North Carolina (F.C.I. Butner) pursuant to 18 U.S.C. § 4247(b) for the purpose of undergoing a competency examination and, based upon the psychiatrist's report, was declared competent to stand trial. He was tried for criminal contempt before District Judge Dorsey in Connecticut on May 31,

1985. Finally, we hold that the order placing Martin-Trigona's letters under seal did not violate his Sixth Amendment right to an open and public trial.

## I

On February 15, 1985 the government filed an application for an order to show cause why Martin-Trigona should not be held in criminal contempt for mailing letters to two appraisers and an auctioneer involved in Martin-Trigona's bankruptcy proceeding. *See generally In re Martin-Trigona,* 760 F.2d 1334 (2d Cir.1985), for a description of the procedural history of Martin-Trigona's bankruptcy proceedings. These letters were sent without leave of the district court and in alleged violation of the court's permanent injunction. 592 F.Supp. at 1574. The government stated in its application that it would prosecute the contempt charges as petty offenses punishable by a maximum sentence of less than six months or a fine of less than five hundred dollars on each of the two counts.

On March 12, 1985 the district court held a hearing to determine the conditions of Martin-Trigona's pretrial release. Appellant was released on a one thousand dollar nonsurety signature bond on the condition that he submit to a psychiatric examination to determine whether he is a danger to the community. Three letters submitted by the government in support of its motion were also placed under seal by the district court. The government arranged for a private psychiatrist to examine Martin-Trigona and, on March 14, 1985, Martin-Trigona was directed by a written order of the district court to keep his appointments and cooperate with the private psychiatrist.

The examination was scheduled for March 19, 1985. Rather than keep his appointment with the psychiatrist, appellant moved for reconsideration of the March 12 and March 14 orders. In an order dated March 20, 1985 the district court rejected Martin-Trigona's argument that an examination to determine dangerousness was not authorized by the Bail Reform Act. It ordered him to surrender to F.C.I. Butner

for a period of not more than 30 days to undergo a psychiatric examination to determine his dangerousness to the community.

Appellant's request for a stay pending appeal was denied and he surrendered at F.C.I. Butner on March 25, 1985 as ordered. But he applied to this Court for a stay of the psychiatric examination pending appeal. The psychiatric examination was thereafter stayed insofar as it would purport to determine Martin-Trigona's dangerousness to the community. This expedited appeal ensued.

## II

We consider first appellant's challenges under 18 U.S.C. § 3142 to the order that directed him to submit to a psychiatric examination to determine his dangerousness to the community. Before entering on a discussion regarding this challenge to a psychiatric examination for dangerousness, we address whether the issue is moot in light of the fact that appellant has now been tried, convicted and sentenced by the district court. Despite this, we believe that our jurisdiction should be exercised since "the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976) (quoting *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). This criminal contempt proceeding arises from appellant's violation of a permanent injunction. Any future violation of the injunction could well lead the government to seek and the district court to grant an order—like the one here at issue—which requires appellant to submit to a psychiatric examination. In light of appellant's ongoing litigation in this Circuit, there is a "'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Thus, the issue presented is capable of repetition. Yet, were we to decline to address the issue on the grounds of mootness the dispute will

evade review inasmuch as this type of pre-trial order is by nature short-lived. *See Nebraska Press Assn.*, 427 U.S. at 547, 96 S.Ct. at 2797. Hence, this issue is not moot.

Section 3142 of the Bail Reform Act of 1984 requires consideration of a person's dangerousness to the community when determining conditions of pretrial release. Pretrial detention is authorized if the person is charged with (1) "a crime of violence," (2) "an offense for which the maximum sentence is life imprisonment or death," (3) an offense involving controlled substances carrying a ten-year sentence, or (4) any felony committed by certain previously convicted persons. 18 U.S.C. § 3142(f)(1). *See United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir.1985). In addition, a person charged with any offense who presents a serious risk of flight or of obstruction or attempted obstruction of justice is subject to pretrial detention. 18 U.S.C. § 3142(f)(2). Under the statute, judicial officers determining whether detention or conditions of release are appropriate must consider "the available information concerning" the nature of the offense charged, the evidence against the defendant, personal history and characteristics of the defendant (including mental condition and litigation history), and the nature and seriousness of the danger presented by the defendant. *Id.* § 3142(g). The government bears the burden of proving a defendant's dangerousness by clear and convincing evidence. *Id.* § 3142(f); *Chimurenga*, 760 F.2d at 403. There is no statutory authority granting a judicial officer the power to order a psychiatric examination of a defendant on the issue of dangerousness.[1] Nonetheless, if a detention hearing is continued and a defendant appears to be a narcotics addict, the judicial officer may order that such person, while in custody, receive a medical examination to determine whether he is an addict. 18 U.S.C. § 3142(f).

Here appellant was charged with a nonviolent petty offense. It was not alleged that he posed a serious risk of flight or threatened to obstruct justice. Although the government expressed concern that Martin-Trigona be enjoined from contacting potential witnesses, there was no proof in the record that he seriously threatened to obstruct justice. Further, there was no determination or allegation that appellant actually posed a danger to the safety of any other person and the community, only that it was not known whether he presented such a threat. Moreover the district court did not order the psychiatric examination pursuant to § 3142(c)(2)(J), which permits judicial officers to order psychiatric treatment as a condition of release, after making a determination that such treatment is necessary to ensure the defendant's appearance at trial or the community's safety.

Section 3142 also requires that a defendant's dangerousness be determined "immediately upon the person's first appearance before the judicial officer." *Id.* § 3142(f); *see United States v. Payden*, 759 F.2d 202, 204–05 (2d Cir.1985). Judicial officers cannot order psychiatric examinations for the purpose of aiding the government in establishing its burden of proof at a detention hearing or to determine appropriate conditions of pretrial release. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 4–25, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3186–208. Appellant further contends that a compelled psychiatric examination to determine his dangerousness would violate his Fifth Amendment right against self-incrimination. Because we hold that the examination to determine dangerousness was not authorized, we need not address that constitutional claim. Therefore, that part of the district court's order that authorized a psychiatric examination of Martin-Trigona pursuant to 18 U.S.C. § 3142 to determine whether he poses a danger to the community is reversed and vacated.

---

1. The statute does grant a judicial officer the authority to order a medical examination when a detention hearing is continued and a defendant appears to be a narcotics addict, for the purpose of determining whether the defendant is an addict. 18 U.S.C. § 3142(f).

## III

 Next we examine the order which placed under seal three letters written by appellant and submitted by the government in support of its motion for a psychiatric examination. These sealed letters were written to three persons involved in the bankruptcy litigation, but are not the letters sent to the appraisers and auctioneer which form the basis for the contempt charge. The sealed letters were submitted to the district court merely as evidence of Martin-Trigona's possible mental incompetency or dangerousness to the community. The government moved for an order sealing these letters because of their "inflammatory nature" and the need to protect innocent persons from unnecessary embarrassment. The district court properly granted the order and placed the letters under seal.

Martin-Trigona argues that sealing the letters violated his Sixth Amendment right to an open and public trial. He claims that two recent Supreme Court cases, *Waller v. Georgia,* —— U.S. ——, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), and *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), applying the right to a public trial to pretrial proceedings, support his position that these letters must be unsealed. Neither *Waller,* which applied the right of an open trial to a suppression hearing, nor *Press-Enterprise,* which dealt with *voir dire* proceedings, is controlling. The letters at issue here were submitted solely in support of the government's motion for a psychiatric examination and were not relevant to the substance of the contempt charge for which appellant was tried. Thus, we conclude that the order sealing the letters did not violate appellant's Sixth Amendment right to an open and public trial.

Accordingly, the order appealed from is reversed in part and affirmed in part.

VAN GRAAFEILAND, Circuit Judge, concurring:

I concur in the result.