UNITED STATES of America, Appellee,

v.

Fleet Wallace MAULL, Appellant.

No. 85–1717.

United States Court of Appeals, Eighth Circuit.

July 3, 1985.

On Motion For Stay July 11, 1985.

After Remand July 22, 1985.

Larry Fleming, St. Louis, Mo., for appellant.

Joseph Mancano, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

## AMENDED ORDER

Fleet Wallace Maull appeals from the district court's order of May 31, 1985, detaining him pending trial on charges relating to drug trafficking and other crimes, including conspiracy to distribute cocaine, importation of cocaine, interstate travel in aid of racketeering enterprises, and engaging in a continuing criminal enterprise.

The record establishes that, at Maull's initial appearance on May 23, 1985, the judicial officer (Magistrate Robert D. Kingsland) granted the Government's request to set bond at one million dollars, cash or surety. Neither the Government nor the judicial officer moved for pretrial detention pursuant to relevant provisions of the applicable statutes. *See* 18 U.S.C. § 3142(f)(1) and (f)(2).

On May 24, 1985, the magistrate conducted a hearing on Maull's motion for modification of the bond. The magistrate denied Maull's motion finding that "no reduction in bond would reasonably assure the appearance of the defendant." Maull then moved the district court for modification of the conditions of release on bond under 18 U.S.C. § 3145(a)(2), contending that the conditions of release violated 18 U.S.C. § 3142(c), which provides that "the judicial officer may not impose a financial condition that results in the pretrial detention of the person."

The district judge on May 30, 1985, after hearing counsel, found that there was a serious risk that defendant would flee and on his own motion determined that a detention hearing should be held pursuant to 18 U.S.C. § 3142(f)(2). The parties then stipulated to completion of the record and the district judge ordered Maull detained under the provisions of 18 U.S.C. § 3142(e) as he found that no conditions would assure Maull's appearance.

■ We reverse the district court on grounds that it had no power to conduct a detention hearing upon Maull's request for review of the magistrate's release order. The district court, sitting as a reviewing court in the circumstances of this case, lacks authority to initiate a pretrial detention proceeding on its own motion. First, under 18 U.S.C. § 3142(f), the procedure to trigger pretrial detention must be initiated by motion of the prosecutor or the judicial officer, and the matter must be heard "immediately upon the [defendant's] first appearance before the judicial officer," absent a motion for continuance. *United States v. O'Shaughnessy*, 764 F.2d 1035 (5th Cir.1985); *United States v. Payden*, 759 F.2d 202, 204–05 (2d Cir.1985). Such motion had not been made in this case by the prosecutor or the judicial officer, Magistrate Kingsland, nor was any pretrial detention hearing ever held at Maull's initial appearance before Magistrate Kingsland.

Second, Maull sought review before the district judge under section 3145(a)(2) requesting "amendment of the conditions of release." The Act contains no language giving the district court the authority to convert review proceedings under section 3145(a)(2) into proceedings leading to pretrial detention.

Accordingly, we reverse and remand these proceedings to the district court for prompt review of the conditions of release set by the magistrate. That review should be conducted consistent with the discussion of this court in *United States v. Orta*, 760

F.2d 887, 890–91 (8th Cir.1985) (en banc), particularly relating to the prohibitions against using inordinately high financial conditions to detain defendants.

We note that both the magistrate and the district judge articulated concern that Maull may flee. Modification of an improperly high bail may well be accompanied by substantial other conditions for release, without pretrial detention, under 18 U.S.C. § 3142(c).

Let our mandate issue forthwith.

BRIGHT, Senior Circuit Judge, reserves the right to file a supplementary opinion for the court supporting this order.

McMILLIAN, Circuit Judge, reserves the right to file a separate concurring opinion supporting this order.

JOHN R. GIBSON, Circuit Judge, dissents from this order and files a dissenting opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

The court's reversal of the district court's order that Fleet Wallace Maull be detained pending trial is based on its erroneous conclusion that the district court's order was based on an untimely and unauthorized detention hearing, since the hearing was held after Maull was first brought before a judicial officer. I believe that the district court was authorized by the Bail Reform Act of 1984, 18 U.S.C.A. §§ 3141–3156 (1985), to hold a detention hearing when Maull sought review before it and when it found that there was a serious risk that he would flee. Accordingly, I respectfully dissent.

On May 21, 1985, Fleet Wallace Maull and six others were indicted on charges relating to various violations of federal narcotics and income tax laws. On May 23, 1985, a federal magistrate set Maull's bond at one million dollars. On the same day, Maull moved to amend the conditions of the bond; an evidentiary hearing on the motion was held the following day. On May 28, the magistrate ruled that the evidence at

the hearing revealed "that at this time no reduction in bond would reasonably assure the appearance of the defendant" and under 18 U.S.C. § 3142 ordered that the bond remain at one million dollars. Maull then sought review of his motion in district court. Following a hearing there on May 30 (in which the evidence before the magistrate was stipulated to and which Maull's counsel agreed was a de novo proceeding), the district court found, as there was a serious risk Maull would flee, that a detention hearing was needed to determine whether any condition or combination of conditions in section 3142(c) would reasonably assure his appearance. It conducted the hearing later that day over the vigorous objections of Maull's counsel, and certain additional matters of fact were stipulated to.

On May 31, the district court entered an order detaining Maull, finding that, in fact, no conditions of section 3142(c) could reasonably assure his appearance. It stated that while section 3142(f) provides that a detention hearing shall be held immediately upon the defendant's first appearance before a judicial officer, Maull's appearance before the magistrate did not deprive the district court of the ability under section 3145 to conduct a de novo review with the same options before it as had the magistrate.

Maull then appealed to this court, arguing, as the court accepts in its reversal and remand of the district court's order, that the district court's action was untimely under the provisions of section 3142(f) and without authority, since the Bail Reform Act of 1984 does not confer jurisdiction on the district court to go beyond review of the conditions of a bail bond to consideration of whether pretrial detention is called for. I cannot agree with this interpretation of the act.

First, the district court did not exceed its authority. Maull correctly stated to the district court that its review should proceed de novo. As the Third Circuit has recently noted in *United States v. Delker*, 757 F.2d 1390 (3d Cir.1985), practice under the for-

mer statute, the provisions of the Federal Rules of Appellate Procedure, and the legislative history of the new act support this interpretation. *See, e.g., United States v. Thibodeaux,* 663 F.2d 520, 522 (5th Cir. 1981) (prior review statute conferred "a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer * * * as unfettered as it would be if the district court were considering whether to amend its own action"); *see also United States v. James,* 674 F.2d 886, 890 (11th Cir.1982); *United States v. Zuccaro,* 645 F.2d 104, 106 (2d Cir.) *cert. denied,* 454 U.S. 823, 102 S.Ct. 110, 70 L.Ed.2d 96 (1981). As *Delker* points out, nothing in the new act suggests that Congress intended to change this practice:

> [T]he legislative history states that § 3145 made only two substantial changes in the law: (1) permitting review of all releases irrespective of whether the defendant could or could not comply with the conditions of release; and (2) permitting the government to seek review and appeal of release decisions to the same extent that such authority is given defendants with respect to detention orders. *This suggests that Congress intended the prior practice of de novo review to continue.*

757 F.2d at 1394–95 (emphasis added).

Further, Rule 9 of the Federal Rules of Appellate Procedure provides that in an order refusing or imposing conditions of release, the district court must "state in writing the reasons for the action taken." No similar requirement is placed on the magistrate with respect to a release order, 18 U.S.C. § 3142(h), although a detention order must contain written findings of fact and a written statement of the reasons for the detention. 18 U.S.C. § 3142(i)(1). Thus, particularly with respect to release orders, the requirement of Rule 9 could not be effectively met without de novo determinations.

To engage in a meaningful de novo review, the district court must be availed of the options open to the magistrate. The act requires a progression from one choice to the next in a judicial officer's determination of whether pretrial detention is called for. *See United States v. Orta,* 760 F.2d 887, 890 (8th Cir.1985) (en banc). Only upon determining that release upon personal recognizance or an unsecured appearance bond will not reasonably assure appearance or will endanger the safety of others (*see* 18 U.S.C. § 3142(b)), may the judicial officer then proceed to consider the conditions set out in section 3142(c)(2)(A)–(N). In reviewing the order of the magistrate, the district court must engage in this same analysis. It was in making this analysis that the district court determined that none of the conditions of section 3142 would assure Maull's appearance. It then had no alternative but to deny bail.

The legislative history of the Bail Reform Act particularly addresses the situation which developed in Maull's request for review:

> [I]f a judicial officer determines that a $50,000 bond is the only means, short of detention, of assuring the appearance of a defendant who poses a serious risk of flight, and the defendant asserts that, despite the judicial officer's finding to the contrary, he cannot meet the bond, the judicial officer may reconsider the amount of the bond. If he still concludes that the initial amount is reasonable and necessary then it would appear that there is no available condition of release that will assure the defendant's appearance. *This is the very finding which, under 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing pursuant to section 3142(f).*

S.Rep. No. 225, 98th Cong., 1st Sess. 16, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3199 (emphasis added). Maull argued before the magistrate that he could not post a one million dollar bond. When the district court concluded that there was a serious risk of flight, knowing, as it did, of Maull's claim, it acted within the intent expressed by Congress in proceeding to a detention hearing.

Nor do I agree that the district court did not proceed in a timely manner. The court finds that the action of the district court was untimely, since no detention hearing was held immediately "upon the person's first appearance before the judicial officer." 18 U.S.C. § 3142(f). This position ignores the fact that this *was* Maull's first appearance before the district court. Further, I agree with the *Delker* court that this portion of the act does not "suggest * * * that a hearing may be had only upon the defendant's appearance before the first judicial officer he or she faces. Rather, the import of the clause is to call for a prompt hearing on the issue of detention." 757 F.2d at 1394. The cases cited by the court today in support of its action are distinguishable as both involve multiple appearances before the same judicial officer with motions for detention filed by the government after the first appearance. In *United States v. O'Shaughnessy*, 764 F.2d 1035 (5th Cir.1985), for example, the court held that the government's failure to move for pretrial detention on the defendant's initial appearance, even though it did so move six days later at his arraignment, made the later detention hearing untimely. The court simply reasoned that its holding was required by the statutory language. *Accord United States v. Payden*, 759 F.2d 202, 204 (2d Cir.1985) ("Act requires that the detention hearing be held on defendant's first appearance"). Further, the cases neglect, as does the court in the present order, the context of the statute. Section 3142 provides:

[t]he judicial officer shall hold a [detention] hearing * * * [u]pon motion of the attorney for the Government or upon the judicial officer's own motion, that involves—

(A) a serious risk that the person will flee;

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance.

18 U.S.C. § 3142(f). The court seizes upon only the language in the final sentence quoted above, as did the courts in *O'Shaughnessy* and *Payden.* That sentence, however, must be read with the immediately preceding language which allows the judicial officer on its own motion to hold a detention hearing. A fair reading of the statute is not that a detention hearing must be held "immediately" when a defendant first appears in court, else to be forever barred, but, rather, that once a motion for pretrial detention is made,[1] a hearing must occur promptly thereafter. Here the magistrate did not hold a detention hearing because he accepted the government's recommendation of the one million dollar bond and found that this condition would reasonably assure Maull's appearance. The district court, however, found a serious risk of flight and utilized this portion of the statute to immediately call a detention hearing. This was done upon Maull's first appearance before the district court. I cannot conclude that this procedure violates the statute.

As the *O'Shaughnessy* court recognizes, its interpretation of the statute creates potential problems, such as the unavailability of pretrial detention when "information establishing a defendant to be a danger to others comes into the Government's posses-

---

**1.** The legislative history makes clear the importance of allowing the judicial officer to proceed to a detention hearing when he believes it necessary:

Statutory authority to permit the judicial officer to move for a pretrial detention hearing under the circumstances described in subsection (f)(2) makes it clear that the judicial officer who believes that there may be a basis

for denying release should not be foreclosed from addressing this concern absent a motion for a detention hearing by the government. S.Rep. No. 225, 98th Cong., 1st Sess. 21, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3204. This is exactly what the district court did when Maull appeared before it for the first time.

sion shortly after the initial appearance." [2] *O'Shaughnessy*, at 1038. Even more centrally, it relies on a restricted reading of one phrase of the act to defeat Congress's intent to give judges "the tools to make honest and appropriate decisions" regarding pretrial detention. S.Rep. No. 225, 98th Cong., 1st Sess. 5, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3188.

Maull's position essentially is that he was willing to take any benefit from his renewal in the district court of his motion to reduce his bail but none of the possible detriment. He sought and certainly hoped for a lower figure. To lower his bail, the district court would have had to carefully evaluate the conditions of section 3142(c) in determining whether Maull's appearance would be reasonably assured. The district court carried out exactly such an evaluation, finding in the course of its de novo proceeding that none of the conditions would reasonably assure Maull's appearance. Any other approach would deprecate the importance of the district court's function in reviewing decisions of the magistrate on release or detention orders. The district judge has original jurisdiction over the offense, and section 3145(a) and (b) points to the significance of this responsibility. To not allow the district court to make a de novo determination of the propriety of release or detention, particularly when it has made a finding that there is a serious risk that the person will flee, is to unduly shackle the exercise of the court's responsibility. Such a reading of the statute is not required.

As the court's order ignores the intent of Congress in passing the Bail Reform Act, the responsibility explicitly given district judges to move for a detention hearing, and the scope of review they must exercise, as well as the statutory context of pretrial detention procedure under the act, I dissent.

### ON MOTION FOR STAY

The government's request that any hearing in the district court to review the conditions of Maull's release be held in abeyance pending this court's consideration of the petition for rehearing, which this court considers as a motion for stay, is denied.

JOHN R. GIBSON, Circuit Judge, would grant the stay.

### AFTER REMAND

This matter is before the court on Fleet Wallace Maull's renewed motion to amend conditions of bond pending his trial on charges relating to drug trafficking and other crimes. Initially, a United States Magistrate granted the Government's request to set bond at $1,000,000 cash or surety. After the magistrate denied Maull's motion for modification of the bond, Maull moved the district court for modification of the conditions of release pursuant to 18 U.S.C. § 3145(a)(2). The district judge, on his own motion, determined that a detention hearing should be held and, following that hearing, ordered Maull detained without bail. Maull appeal-

**2.** The *O'Shaughnessy* court's answer to this problem is unsatisfactory. It suggests that if the government is uncertain about the need for detention, it should move for detention and then at the first appearance request a continuance. The court's solution would further clutter the mechanism of pretrial proceedings. To protect itself, the government apparently would be forced to mechanically move for pretrial detention and mechanically move for continuances whenever, as may often be the case, the evidence regarding the desirability of pretrial detention had not been fully developed in the brief time between arrest and first appearance. The *O'Shaughnessy* court also suggests that should the government's concern arise after the time for seeking pretrial detention, "the Government may move for additional or different conditions

of pretrial release under 18 U.S.C. § 3142(c) or move for revocation of release and detention for a violation of a condition of release under 18 U.S.C. § 3148." *O'Shaughnessy*, at 1038. The point is, of course, that pretrial detention is called for only when a condition or combination of conditions of section 3142(c) is deemed inadequate. Thus, the "solution" is no solution at all. Further, section 3148 involves sanctions for violation of release conditions. If pretrial detention is appropriate to prevent a defendant from fleeing but cannot be imposed because of the technical reading given the statute here, it is not particularly helpful to suggest that once the defendant has violated the conditions of his release by fleeing the country, the judicial officer may *then* enter an order of detention for such violation.

ed that decision to this court, and on July 3, 1985, we entered an order indicating that, in the circumstances, the district court's detention order was improper. We remanded the proceedings to the district court with directions to review the conditions of release set by the magistrate in a manner consistent with this court's opinion in *United States v. Orta,* 760 F.2d 887, 890–91 (8th Cir.1985) (en banc), giving particular attention to the discussion relating to the prohibition against using inordinately high financial conditions to detain defendants.

On remand, the district court held another evidentiary hearing on the matter and, on July 12, 1985, issued a memorandum and order finding that, despite Maull's assertions to the contrary, he was capable of posting at least $250,000 in cash or acceptable surety. The district court further found that bond in that amount was necessary to assure Maull's appearance. Accordingly, the court reduced the $1,000,000 bail set by the magistrate and ordered Maull released on a $500,000 appearance bond secured by $250,000 cash or acceptable surety. In addition, the district court referred the matter to the magistrate for the imposition of any non-financial conditions of release determined to be necessary.

Maull again appeals, seeking further reduction of his bond. He claims that the determination that he is able to post bond of $250,000 is not supported by the record and that the district court has failed to comply with the provisions of the 1984 Bail Reform Act, as well as the directions of this court in *Orta,* by setting a financial condition which he is unable to meet.

■ After careful review of the record, we find no plausible support on the record viewed in its entirety for the district court's conclusion that Maull is capable of posting $250,000 in cash or surety. Evidence presented by the Government concerning Maull's available assets is out of date and the Government's argument concerning his present financial status is highly speculative. Moreover, essentially all of his known substantial assets have been seized

by the Government. In view of the prohibition in § 3142(c) against pretrial detention based solely on an inability to satisfy a financial condition of release, we remand this matter to the district court with directions to release Maull on a $500,000 appearance bond secured by $100,000 in cash or acceptable surety, and upon such other non-financial conditions of release necessary to reasonably assure Maull's appearance as required. The district court should consider in particular requiring appellant to remain in the custody of a designated person who agrees to supervise him and to report any violation of a release condition to the court, imposing residence and travel restrictions, and requiring appellant personally to report at least daily to a designated law enforcement or pretrial services agency and to comply with a specified curfew or return to custody for specified hours each evening.

We note that trial in this matter is scheduled to begin on Monday, July 29, 1985. The district court should therefore expedite disposition of this matter. In addition, the district court may wish to amend any reporting requirements once trial begins.

JOHN R. GIBSON, Circuit Judge, dissents from this order.