916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip M. PATTERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-6169.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and MEREDITH, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Philip Mark Patterson, a federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241.
 
 
 3
 Patterson filed his habeas petition challenging his commitment to the United States Medical Center for Federal Prisoners at Springfield, Missouri (Springfield) pursuant to 18 U.S.C. Sec. 4241. He alleged that his prosecution pursuant to 18 U.S.C. Sec. 115 (making threats against a federal official) and his commitment at Springfield violate due process. He also argued that, even if he had been properly committed pursuant to 18 U.S.C. Sec. 4241, he has been improperly committed at Springfield because he could receive better treatment at other federal facilities. In addition, Patterson also sought to challenge the fact as well as the terms and conditions of his confinement in the federal facility at Butner, North Carolina, pursuant to an earlier sentence which he has already served completely.
 
 
 4
 Upon de novo review of the magistrate's report in light of Patterson's objections, the district court adopted the magistrate's recommendation, and dismissed the case. Patterson has challenged the district court's action in a timely appeal.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report and recommendation filed August 11, 1989, as adopted by the district court's order filed August 29, 1989.
 
 
 6
 Patterson's assertions of error are meritless. Patterson cannot attack his prior confinement in Butner, North Carolina, because he is not "in custody" pursuant to the conviction which resulted in that confinement. Peyton v. Rowe, 391 U.S. 54, 58-67 (1968).
 
 
 7
 Moreover, since Patterson has been declared incompetent and is no longer being held pursuant to the district court's orders requiring him to undergo a competency evaluation, he may not appeal based solely on the district court's orders requiring a competency evaluation. See United States v. Martin-Trigona, 767 F.2d 35, 36 (2d Cir.1985).
 
 
 8
 Furthermore, the district court was not required to determine whether Springfield was the most suitable facility for Patterson's evaluation. Once the district court properly determined that Patterson should be committed for psychiatric evaluation, the determination of the most suitable facility for such evaluation lies with the Attorney General. See United States v. Shawar, 865 F.2d 856, 860-61 (7th Cir.1989); 18 U.S.C. Secs. 4241(d), 4247.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation