**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JOSEPH RAMIREZ,

       Defendant - Appellant.

No. 01-1554

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 01-CR-189-M)**

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[*]

---

John W. Suthers, United States Attorney and Kathleen L. Torres, Assistant United States Attorney, Denver, Colorado, for Plaintiff - Appellee.

Michael G. Katz, Federal Public Defender and Matthew Golla, Assistant Federal Public Defender, Denver, Colorado, for Defendant - Appellant.

---

**KELLY**, Circuit Judge.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Joseph Ramirez pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to 60 months and 84 months respectively, to be served consecutively, and consecutively to a state court sentence now being served. He was also sentenced to five years supervised release on each offense, to run concurrently, and restitution of $1,120. Prior to sentencing, Mr. Ramirez filed an unopposed motion requesting a competency evaluation based upon symptoms of paranoid schizophrenia and bipolar disorder observed by the clinical director at the facility where Mr. Ramirez was being held. 18 U.S.C. § 4241(a);[1] 1 R.S. Doc. 27 at 2. Counsel also represented that Mr. Ramirez's mental condition had deteriorated after his plea. 1 R.S. Doc. 27 at 2. The government agreed to incur the cost of the evaluation. Id. The district court denied the motion, but invited Mr. Ramirez

---

[1]18 U.S.C. § 4241(a) provides:

**Motion to determine competency of defendant.**--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

to revisit the issue at sentencing. 1 R.S. Doc. 28. At sentencing, the court denied Mr. Ramirez's oral motion for an evaluation pursuant to § 4241. On appeal, Mr. Ramirez claims the district court violated both Mr. Ramirez's due process rights and the statutes governing competency determinations when it denied his request for a competency evaluation. Aplt. Br. at 4. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we reverse and remand based upon the statutory grounds.

Whether to order a competency examination is reviewed for an abuse of discretion. United States v. Prince, 938 F.2d 1092, 1095 (10th Cir. 1991). Abuse of discretion occurs when a court has based its decision "on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998). Absent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion, a competency evaluation is required. United States v. Hill, 526 F.2d 1019, 1023 (10th Cir. 1975). The evaluation becomes the first in a three-step process of determining competency. United States v. Boigegrain, 155 F.3d 1181, 1184 n.1 (10th Cir. 1998).

According to the motion, Mr. Ramirez and the government were "in agreement that a psychiatric evaluation would enable the Court to decide whether Mr. Ramirez is competent to proceed at sentencing and also address any issues

counsel may explore with respect to a downward departure pursuant to either U.S.S.G. § 5K2.13 (diminished capacity) and/or U.S.S.G. § 5H1.3 [policy statement concerning mental and emotional conditions]." 1 R.S. Doc. 27 at 2. The district court denied the motion on the grounds that (1) the Defendant had additional time to be served in the Colorado state system, and (2) diminished capacity was unavailable as a ground for departure. I R.S. Doc. 28 at 1. Unfortunately, neither of these grounds address "whether there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the standard of § 4241(a).

The government argues that Mr. Ramirez made an insufficient showing unaccompanied by an offer of proof. But see United States v. Grimes, 173 F.3d 634, 636 (7th Cir. 1999) ("anything that points to the need for evidence is admissible to help the judge decide whether reasonable cause for an evidentiary hearing exists"). Of course, the government's argument is tempered by its lack of opposition to the motion and its concurrence in some of the supporting grounds. The government also argues that the district court could deny the motion based upon its observations of the Defendant at the plea and sentencing hearings. The problem is that nothing indicates that the district court exercised its discretion on

the basis of either of these arguments. We cannot substitute our discretion for that of the district court. On remand, the parties should again be heard on the need for a competency evaluation and a decision made in accordance with the above standards.

REVERSED and REMANDED.