**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH RAMIREZ,

    Defendant-Appellant.

No. 03-1139

(D.C. No. 01-CR-189-M)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Joseph Ramirez appeals the district court's competency determination following this court's remand in United States v. Ramirez, 304 F.3d 1033 (10th Cir.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2002). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Ramirez pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). In his first appeal, Ramirez contended the district court violated his due process rights by denying his unopposed motion for a competency evaluation pursuant to 18 U.S.C. § 4241, filed prior to sentencing. The motion was based upon observations of the clinical director at the facility where Ramirez was being held and observations of his counsel, who represented Ramirez' mental condition had deteriorated after his plea. We remanded the case to the district court for reconsideration of Ramirez' motion for a competency evaluation. On remand, the district court ordered that a competency evaluation be conducted. The court appointed a psychiatrist who determined that Ramirez was competent. The court then sentenced Ramirez to a 60-month term of imprisonment on the bank robbery count and to an 84-month term of imprisonment on the firearm count, to be served consecutively.

Ramirez' counsel, Matthew C. Golla, has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw, and submit a brief referring to portions of the record that arguably support the appeal). Golla has filed a motion to withdraw and has provided copies of the Anders brief and the motion to withdraw to Ramirez. In response, Ramirez has filed a pro se brief which

2

suggests in conclusory fashion that Golla might be either incompetent or involved in a conspiracy with the government and the district court to falsify the record. Pursuant to our duty under Anders, we have conducted an independent review of the record and find no basis for reversing the district court.

The test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Drope v. Missouri, 420 U.S. 162, 172 (1975) (internal quotation omitted). Competency is a factual finding set aside only for clear error. See United States v. Mackovich, 209 F.3d 1227, 1232 (10th Cir. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. Verduzco-Martinez, 186 F.3d 1208, 1211 (10th Cir. 1999)).

On remand, the district court appointed Dr. Robert Miller, a psychiatrist at the University of Colorado, to conduct a competency evaluation. After examining Ramirez, his medical records, and previous psychological evaluations, Dr. Miller concluded that Ramirez was competent to understand the proceedings against him. Dr. Miller's report is the only evidence in the record regarding Ramirez' competency and there is no evidence in the record that casts doubt on his conclusion. The district court did not commit clear error in finding Ramirez competent.

Ramirez contends the grand juror signatures on the indictment were forged.  There is no evidence in the record to support his contention.  Further, his voluntary and intelligent guilty plea effected a waiver of all non-jurisdictional defects in the indictment.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding habeas petitioner's guilty plea foreclosed inquiry into discrimination claim in selection of grand jury).  Ramirez does not contend that his plea was not voluntary and intelligent.

To the extent that Ramirez intends to claim that he received ineffective assistance of counsel, such a claim must be brought in a collateral proceeding, not on direct appeal.  See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  "A factual record must be developed in and addressed by the district court in the first instance for effective review."  Id.

We GRANT counsel's request to withdraw and AFFIRM.

Entered for the Court

Mary Beck Briscoe
Circuit Judge