**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLYNTON CHASE,

  Plaintiff - Appellant,

v.

LEE CONNER, Warden, United States
Penitentiary, Leavenworth; A. W.
BEEZY, Associate Warden, United
States Penitentiary, Leavenworth;
(FNU) JONES, Unit Manager, United
States Penitentiary, Leavenworth;
(FNU) TALHAM, Acting Unit
Manager, United States Penitentiary,

  Defendants - Appellees.

No. 04-3031
(D.C. No. 02-CV-3264-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

Clynton Chase, a prisoner appearing pro se, brought a civil rights complaint

maintaining that prison officials were deliberately indifferent to his medical needs

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

and failed to protect him from a fellow inmate. On November 26, 2002, the district court dismissed Chase's complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), as amended by the Prison Legal Reform Act of 1995. Chase appeals from that order; we exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

Chase brought claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), stating that he was assaulted by a cellmate and seeking damages under the Eighth Amendment for deliberate indifference by prison officials. Because Chase is a prisoner, however, he must exhaust the available administrative remedies prior to seeking relief in court. 42 U.S.C. § 1997e(a). With respect to this requirement, Chase acknowledged that he did not pursue administrative remedies on his claim. In his complaint, Chase explained that he "felt these matters could no longer be resolved on an administrative level." (Compl. at 5.) The district court noted that a prisoner must exhaust administrative remedies in all circumstances, see Booth v. Churner, 532 U.S. 731, 740–41 (2001), and it dismissed the complaint without prejudice.

On appeal, Chase does not contest the district court's finding that he failed to exhaust administrative remedies; rather, he asserts that he "requested that the District Court reopen [his] case under the discretion of Motion to Reconsideration to allow [him] the time to exhaust the administrative remedies." (Appellant's Br. at 4.) While we must affirm the district court's dismissal, we stress that the

dismissal was <u>without prejudice</u>.  Thus if Chase timely exhausts his administrative remedies in the future, he may again pursue the underlying complaint in federal district court.

Finally, we note that Chase has yet to make partial payments on the fee for this appeal; we remind him that he is obligated to continue making payments until the entire fee has been paid.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge