**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.                                                          Nos. 03-4111 & 03-4142

ANTENOR BERRIOS,                                (D.C. No. 2:03-CR-264-TC)
                                                                   (D. Utah)
 Defendant-Appellant.

## ORDER AND JUDGMENT[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BRISCOE**, Circuit Judge.

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

 Defendant Antenor Berrios appeals from two interlocutory orders issued by the district court in his misdemeanor criminal case. In appeal No. 03-4111, Berrios appeals

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's April 30, 2003, order compelling him to submit to a mental evaluation as a condition of pretrial release and implicitly denying his objections to the same pretrial release condition earlier imposed by a magistrate judge. In appeal No. 03-4142, Berrios appeals the district court's May 27, 2003, order mandating that he be placed in the Attorney General's custody and committed to an institution for a psychiatric examination to determine his competency to stand trial, and continuing his trial. We affirm in part and reverse in part.

## I.

Berrios, a permanent resident alien and veteran of the United States military, went to the Veterans' Administration (VA) hospital in Salt Lake City on the morning of January 22, 2003, in anticipation of a medical appointment scheduled the following day. Berrios requested a voucher that would enable him to spend the night and have three meals at a hotel affiliated with the hospital. A VA employee refused his request because Berrios failed to produce written evidence that he resided more than 50 miles from the hospital, as was necessary under hospital policy to qualify for a voucher. In response, Berrios allegedly created a disturbance by acting in a disorderly manner and using loud and profane language. A VA police officer intervened, but Berrios allegedly again began using a loud voice. The officer issued Berrios two violation notices for disorderly conduct, each of which imposed a $75 fine. Following issuance of the fines, an associate medical director at the hospital approved Berrios' request to stay overnight based on his

2

oral statement that he had moved and now lived more than 50 miles away from the hospital.

Two days later, the VA police learned that, approximately one hour prior to the incidents that gave rise to the two citations, Berrios allegedly had approached a pharmacy technician at the hospital and, in the course of obtaining a prescription, asked her to change the hospital records to reflect that he lived more than 50 miles away from the hospital. When the pharmacy technician refused to do so, Berrios allegedly complimented the technician on her physical appearance, grabbed her hand and began caressing it, and asked if he could kiss it. The technician pulled her hand away and told Berrios to let go. In response, Berrios allegedly kissed her hand with his open mouth several times before letting go. The technician summoned her supervisor, who advised Berrios that the pharmacy could not change hospital records to reflect a change of address.

On March 4, 2003, Berrios was charged in a four-count information with one count of assaulting and intimidating a federal employee engaged in the performance of her official duties, in violation of 18 U.S.C. § 111; two counts of disrupting the performance of official duties by federal employees, in violation of 38 C.F.R. § 1.218(a)(5) and (b)(11); and one count of stealing or converting to his own use a thing of value (i.e., the one-night stay and the three meals) belonging to the United States, in violation of 18 U.S.C. § 641.

3

On March 6, 2003, the magistrate judge conducted what was designated as Berrios' initial appearance and arraignment on the criminal charges contained in the information. At the conclusion of the hearing, the magistrate judge entered a not guilty plea to the information on Berrios' behalf, ordered Berrios to submit to a mental evaluation, and appointed counsel to represent Berrios. After the hearing, the magistrate judge issued a written order memorializing his rulings. In pertinent part, the order directed Berrios to submit to a mental evaluation as a condition of pretrial release.

Berrios, appearing on his own behalf, filed objections to the magistrate judge's order directing him to submit to a mental evaluation. On April 24, 2003, the district court held a hearing on Berrios' objections. During the hearing, the district court expressed concern as to whether Berrios would appear for trial and whether he was a risk to himself and others. On April 30, 2003, the district court issued a written order directing Berrios to immediately submit to a mental evaluation to determine his competency, whether he was a flight risk, and whether he was a risk to himself or society.

Berrios did not submit to a mental evaluation. Accordingly, on May 12, 2003, the district court issued a warrant for his arrest with instructions that upon apprehension he be brought before the court. On May 14, 2003, the government filed a motion for determination of mental competency pursuant to 18 U.S.C. § 4241(a). On May 27, 2003, pursuant to the government's motion, the district court issued an order directing that Berrios be placed in the custody of the United States Attorney and committed to a

4

psychiatric facility for evaluation. The order also continued the trial on the charges contained in the information.

## II.

### *Appellate Jurisdiction*

Before addressing Berrios' challenges to the district court's orders, we briefly address whether we have appellate jurisdiction over these interlocutory appeals. Generally speaking, our jurisdiction is limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, the collateral order doctrine, outlined by the Supreme Court in Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 545-47 (1949), provides an exception to this rule. To establish jurisdiction under the collateral order doctrine, an appellant must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989).

"The requirements of the collateral order doctrine are easily satisfied in th[e] case of an order of commitment for psychiatric examination." United States v. Rinaldi, 351 F.3d 285, 288 (7th Cir. 2003); see United States v. Deters, 143 F.3d 577, 581 (10th Cir. 1998) (stating "a commitment order issued for the purpose of obtaining an evaluation of the defendant's competency to stand trial as described in 18 U.S.C. § 4241(b) may be immediately appealed"); United States v. Boigegrain, 122 F.3d 1345, 1349 (10th Cir.

5

1997) (holding order committing defendant to custody of Attorney General to determine whether competency to stand trial was likely to be attained was immediately appealable under collateral order doctrine). Here, as in Rinaldi, the district court's orders "conclusively determined that [Barrios] should undergo a psychiatric evaluation," and determinations about his "mental capacity are separate from the issue of his guilt or innocence" of the criminal charges against him. 351 F.3d at 288. "Finally, the order[s] would be virtually unreviewable because there would be no effective relief for [his] loss of liberty during the period of commitment." Id. Thus, we conclude the collateral order doctrine applies in this case and affords us jurisdiction over Barrios' appeals.

*Appeal No. 03-4111*

In Appeal No. 03-4111, Barrios challenges the district court's April 30, 2003, order compelling a mental evaluation as a condition of pretrial release and implicitly denying his objections to the magistrate judge's previous order of the same nature. "We apply de novo review to mixed questions of law and fact concerning [a] detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." United States v. Cisneros, 328 F.3d 610, 613 (10th Cir. 2003).

Neither the challenged order, nor the underlying order issued by the magistrate judge, cited any statutory basis for requiring Berrios to submit to a mental evaluation as a condition of his pretrial release. Presumably, both orders were issued pursuant to the Bail

Reform Act, 18 U.S.C. § 3142. The Bail Reform Act generally provides that, pending trial, a criminal defendant must be released "on personal recognizance" or "upon execution of an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b). If, however, the district court determines such release "will not reasonably assure the appearance of" the defendant "or will endanger the safety of any other person or the community," the court can condition the release on the satisfaction of one or more of the conditions listed in § 3142(c)(1).

The problem here is that neither the magistrate judge nor the district court determined that the release of Berrios on personal recognizance or upon execution of an unsecured appearance bond would "not reasonably assure [his] appearance" or would "endanger the safety of any other person or the community." 18 U.S.C. § 3142(c)(1). Indeed, the magistrate judge made no determinations on these issues. Although the district court expressed concern about the issues, it made no specific determinations. Thus, lacking specific determinations on these issues, the magistrate judge and the district court lacked authority to impose specific conditions on Berrios' release. See United States v. Martin-Trigona, 767 F.2d 35, 36 (2d Cir. 1985) (noting the Bail Reform Act "does not authorize a judicial officer to order as a condition of pretrial release a psychiatric examination to determine a defendant's dangerousness"). We therefore reverse the April 30 order to the extent it conditioned Berrios' pretrial release on submission to a mental evaluation.

In Appeal No. 03-4142, Berrios contends the district court erred in issuing the May 27 order mandating his placement in the Attorney General's custody for a psychiatric examination to determine his competency to stand trial.  We review that order for abuse of discretion.  See United States v. Ramirez, 304 F.3d 1033, 1035 (10th Cir. 2002) ("Whether to order a competency examination is reviewed for an abuse of discretion."). "Abuse of discretion occurs when a court has based its decision on an erroneous conclusion of law or relies on clearly erroneous fact findings."  Id. (internal quotations omitted).

Section 4241(a) of Title 18 affords a district court authority, either pursuant to its own motion or that of the government, to order a hearing to determine the mental competency of a criminal defendant if the court concludes "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent."  Prior to such hearing, a district court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court."  18 U.S.C. § 4241(b).  Under 18 U.S.C. § 4247, the court may commit the defendant to the custody of the Attorney General for placement in a suitable facility where the psychiatric or psychological examination may be conducted.

After examining the record on appeal, we find no abuse of discretion on the part of

the district court in ordering that a psychiatric examination of Berrios be conducted, or in committing Berrios to the custody of the Attorney General for purposes of having that examination conducted. Although it would have been preferable for the district court to make more specific factual findings in its order, the record indicates that, in addition to the alleged unusual conduct giving rise to the criminal charges against him, Berrios engaged in a variety of unusual behavior during the course of the criminal proceedings against him, including (a) initially agreeing to submit to a mental evaluation and then subsequently changing his mind, (b) refusing to cooperate with pretrial services personnel, (c) accusing two court-appointed attorneys of conspiring against him and deliberately proceeding in a manner contrary to his interests, and (d) making numerous ex parte calls to the district court chambers. Considered together, we conclude this behavior was sufficient to provide the district court with reasonable cause to issue the May 27 order.

*Motion to Strike*

In connection with Appeal No. 03-4142, Berrios has filed a separate motion to strike the district court's May 27 order, arguing the district court lacked jurisdiction to issue the order and that the order violates the Speedy Trial Act.

In his challenge to the district court's jurisdiction, Berrios asserts his appeal of the district court's April 30 order effectively removed jurisdiction over the case from the district court and placed it in this court. Berrios is only partly correct. His appeal of the

9

April 30 order deprived the district court of jurisdiction to make any further rulings concerning the matters related to that appeal, i.e., requiring submission to a mental evaluation as a special condition of pretrial release. See United States v. Distasio, 820 F.2d 20, 21 (1st Cir. 1987) (reversing order modifying sentence because order was entered after notice of appeal filed); see also United States v. Queen, 847 F.2d 346, 350 (7th Cir. 1988) (holding court had jurisdiction to issue bench warrant when defendant failed to surrender as ordered by district court). His appeal did not, however, "divest the trial court of jurisdiction to continue deciding other issues in the case," including the issue of his competence to stand trial. Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1174 (6th Cir. 1995). We therefore reject Berrios' jurisdictional argument.

As for Berrios' speedy trial arguments, we conclude we lack jurisdiction to consider them. See, e.g., United States v. Tsosie, 966 F.2d 1357, 1361 (10th Cir. 1992) (holding dismissal of indictment without prejudice under Speedy Trial Act was "not a final decision either under 28 U.S.C. § 1291 or the collateral order doctrine").

The orders of the district court are AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
