FILED
United States Court of Appeals
Tenth Circuit

December 3, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CORRY PURIFY,

    Defendant - Appellant.

No. 20-5075
(D.C. No. 4:13-CR-00028-JED-29)
(N.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

Mr. Corry Purify, proceeding pro se,[1] appeals from the district court's dismissal of his motion for a sentence reduction brought under 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm**.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Purify appears pro se, we construe his filings liberally, but do not act as his advocate. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

## I

Mr. Purify is incarcerated at FPC Yankton in South Dakota. He was previously convicted of a drug conspiracy offense in violation of 21 U.S.C. § 846 and was sentenced to 120 months' imprisonment and five years' supervised release.

On April 29, 2020, Mr. Purify petitioned the officials at FPC Yankton to place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), and then-Attorney General William Barr's memorandum regarding home confinement prioritization and the COVID-19 pandemic. The Warden denied his request on May 5, 2020, concluding that Mr. Purify did not meet the priority guidelines for a transfer to home confinement.

On May 22, 2020, Mr. Purify filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i)—arguing that such relief was warranted in light of the health risks associated with the COVID-19 pandemic. Section 3582(c)(1)(A)(i) allows the district court to modify a prisoner's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Purify did not clearly state what relief he sought in the motion. To start, Mr. Purify asked the district court "to modify [his] sentence in regards to"

2

the CARES Act, which he articulated as a "modif[ication]" under § 3582. R.,

Vol. I, at 361 (Pet.'s Mot. Brought Under 18 U.S.C. § 3582(c)(1)(A)(i), filed May

22, 2020). But Mr. Purify also wrote that, "[w]hile this Court cannot order the

[Bureau of Prisons ("BOP")] to designate me to home confinement, this court can

. . . modify my sentence to time served and the rema[i]nder of sentence to be

exp[e]nded on sup[er]vised release and in addition to home confinement." *Id.*

On July 8, 2020, the district court *sua sponte* dismissed Mr. Purify's motion

without prejudice for lack of jurisdiction due to his apparent failure to exhaust

administrative remedies concerning his request for a sentence reduction under

§ 3582(c)(1)(A)(i). The district court also reviewed the merits of Mr. Purify's

motion and alternatively found that, because the BOP was already taking

extraordinary measures to contain the spread of COVID-19, the threat of

contracting the virus was not a factor "for which the [district court] would be

inclined to grant compassionate release [to Mr. Purify] at this time." *Id.* at 370

(Dist. Ct.'s Order Dismissing Pet.'s Mot., dated Jul. 8, 2020).

Mr. Purify appeals, arguing that he in fact exhausted his administrative

remedies. To that end, Mr. Purify first contends that CARES Act petitions "are

one [and] the same as compassionate release requests" brought under § 3582.

Aplt.'s Opening Br. at 1. Second, he asserts that because he is a pro se litigant,

the district court should have read his original BOP petition as invoking

3

§ 3582(c)(1)(A)(i).  Third, he maintains that we should follow other courts and recognize that the relevant exhaustion requirement may be discarded, as a matter of equity, in extreme instances.  Lastly, he asserts that the district court erred in determining that relief from his incarceration is not appropriate at this time.

## II

We review for an abuse of discretion a district court's decision to deny a reduction of sentence under § 3582.  *See United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016); *see also United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  An abuse of discretion occurs when a district court bases its decision on an erroneous conclusion of law or relies on clearly erroneous findings of fact.  *See United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002).

Framing our analysis, we are constrained at the outset to recognize that, under current law, the district court erred in dismissing Mr. Purify's motion *sua sponte* on exhaustion grounds under the rationale that it lacked jurisdiction.  Our caselaw published subsequent to the court's order here establishes that a failure to exhaust in the § 3582(c)(1)(A) context is *not* a jurisdictional matter.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding—consistent with our sister circuits—that, as a matter of first impression,

4

§ 3582(c)(1)(A)'s exhaustion requirement establishes solely a "claim-processing rule," rather than a jurisdictional rule).

But Mr. Purify has not brought this specific characterization error or any related error of this sort to our attention on appeal. Accordingly, we have the discretion to deem any challenge to this aspect of the district court's order as waived. *See, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

However, even if we elect *not* to overlook this characterization error, we would conclude that the error is harmless and, consequently, uphold the district court's judgment. The error is harmless for two independent, alternative reasons.

First, the district court correctly determined that Mr. Purify did not exhaust his administrative remedies for his § 3582(c)(1)(A) motion. Mr. Purify himself does not claim that he exhausted his remedies. Instead, he rests his appeal on the theory that CARES Act requests are "one [and] the same" as § 3582(c)(1)(A) motions; accordingly, Mr. Purify avers that his purported exhaustion of remedies for his CARES Act petition had the effect of also exhausting his remedies for his § 3582(c)(1)(A) motion. *See* Aplt.'s Opening Br. at 1. However, this is incorrect.

The CARES Act expanded the BOP's power to "place a prisoner in home confinement" in light of the pandemic. *See* CARES Act, Pub. L. No. 116-136,

5

§ 12003(b)(2), 134 Stat. 281, 516 (2020).  Conversely, a person who seeks compassionate release under § 3582(c)(1)(A) is seeking a reduction in his sentence from the court.  *See* 18 U.S.C. § 3582(c)(1)(A).  Thus, a request for a CARES Act transfer to home confinement is completely distinct from a request for compassionate release under § 3582(c)(1)(A).  Consequently, even if a letter seeking the former is liberally construed, it cannot meet the latter's exhaustion requirement.  *Cf. United States v. Springer*, 820 F. App'x 788, 789, 791–92 (10th Cir. 2020) (unpublished) (holding that, "[c]ontrary to [the petitioner's] argument, he was required to request that the BOP file a [§ 3582(c)(1)(A)] motion on his behalf to initiate his administrative [§ 3582(c)(1)(A)] remedies," and affirming the district court's denial of his motion because he "never made such a request" but, rather, filed "an administrative request, not even mentioning compassionate release").  And, contrary to Mr. Purify's contention, the district court was not obliged to construe his distinct home-confinement request under the CARES Act as a § 3582(c)(1)(A) motion just because of his pro se status.  *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Moreover, though the effect is not jurisdictional, we cannot overlook Mr. Purify's failure to exhaust his administrative remedies.  That is because

"§ 3582(c)(1)(A)'s exhaustion requirements" establish "a mandatory claim-processing rule." *Hemmelgarn*, 15 F.4th at 1030.  The government may forfeit or waive enforcement of such a rule.  *See Eberhart v. United States*, 546 U.S. 12, 15 (2005) (explaining that claim-processing rules "may be 'unalterable on a party's application' but 'can nonetheless be forfeited if the party asserting the rule *waits too long* to raise the point'" (emphasis added) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004))); *see also Hemmelgarn*, 15 F.4th at 1030 (ruling that the government "waived" its exhaustion argument in the § 3582(c)(1)(A) context).  But the government here has not done so; it has preserved its exhaustion challenge.  Specifically, the government has argued forcefully that Mr. Purify failed to exhaust his remedies under § 3582(c)(1)(A).  *See, e.g.*, Aplee.'s Resp. Br. at 13 (contending that "the district court . . . did not err in dismissing Purify's motion for failure to exhaust his remedies").  And it has done so at its first opportunity—that is, during this appeal.[2]  *Cf. Hemmelgarn*, 15 F.4th at 1031

---

[2]    The district court did not direct the government to file a response to Mr. Purify's § 3582(c)(1)(A) motion, and the government did not do so.  *See* Aplee.'s Resp. Br. at 4 ("Rather than directing the government to respond, the district court dismissed [Mr.] Purify's motion.").  It appears that, not infrequently, district courts have requested responses from the government to such compassionate release motions.  *See, e.g.*, *United States v. Greene*, 516 F. Supp. 3d 1, 11 (D.D.C. 2021) ("On December 2, 2020, this Court issued a Minute Order directing the Government to respond to [the prisoner's] motion for compassionate release."); *United States v. Cain*, No. 1:16-CR-00103-JAW-1, 2021 WL 388436, at *1 (D. Me. Feb. 3, 2021) (unpublished) ("On December 18, 2020, the Court ordered the Government to answer and state its position as to whether Mr. Cain's
(continued...)

7

("Even though [the prisoner] failed to provide proof that he exhausted his administrative remedies [for purposes of § 3582(c)(1)(A)], the government did not argue exhaustion on appeal. This argument is waived.").

Because we agree with the government, we must enforce § 3582(c)(1)(A)'s exhaustion requirement—even if the equities weighed in Mr. Purify's favor (which they do not). Therefore, the district court's error—in concluding that the

---

[2](...continued) failure to exhaust administrative remedies within the Bureau of Prisons (BOP) prevented the Court from considering his motion."); 5C WEST'S FED. FORMS, DISTRICT COURTS–CRIMINAL § 95:20.40, Westlaw (Troy K. Stabenow ed., 5th ed., database updated May 2021) (including model order used in the Western District of Virginia that directs the government to respond to a § 3582(c)(1)(A) motion). But there is nothing in the record here that would have signaled to the government that a response was desired or required. Therefore, we think it is sound to conclude that the government's first opportunity to challenge Mr. Purify's § 3582(c)(1)(A) motion on exhaustion grounds is this appeal. And, because the government has asserted its challenge at this first opportunity, we deem this challenge preserved. *Cf. Eberhart*, 546 U.S. at 15 (explaining that a party may forfeit enforcement of a claim-processing rule, when the party "waits too long" to assert it (quoting *Kontrick*, 540 U.S. at 456)); *cf. also United States v. Battles*, 745 F.3d 436, 446–47 (10th Cir. 2014) (holding that defendant's post-trial *Brady* claim was not forfeited despite defendant's failure to raise it at trial because, "upon learning *after* trial of the information upon which [defendant] rests her current *Brady* claim, [the defendant] timely filed a motion for new trial based on newly discovered evidence" (emphasis added)); *United States v. Sepulveda-Contreras*, 466 F.3d 166, 170 (1st Cir. 2006) (finding no forfeiture of objections, where defendant had no opportunity to object before sentencing conditions were imposed); *United States v. Martinez*, 974 F.2d 589, 591 (5th Cir. 1992) (noting that "the critical factor in deciding whether the silence of counsel constitutes a waiver is whether there was a *meaningful opportunity* for counsel to request argument or to object, considering all the attendant circumstances" (emphasis added)).

exhaustion question under § 3582(c)(1)(A) is jurisdictional—was harmless. We rest our decision on this independent and sufficient basis.[3]

But even if that were not enough (but it is), this jurisdiction-related error would be harmless for a second reason: the district court did not abuse its discretion in determining—in its alternative holding on the merits—that Mr. Purify did not warrant compassionate release. Mr. Purify largely argues that the court erred in finding that the BOP was taking extraordinary measures to contain COVID-19—a finding that he suggests is contradicted by the "outrageous infection [r]ate" among inmates and staff at FPC Yankton and facility conditions that may exacerbate the spread of the virus. *See* Aplt.'s Opening Br. at 4–7.

These contentions are unavailing. Mr. Purify did not state in his May 2020 motion how he is more susceptible or vulnerable to COVID-19 than the average prisoner or why home confinement or compassionate release would be specifically appropriate; instead, he only generally refers to unnamed "health risks" to

---

[3]    Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice. *Compare, e.g.*, *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the [plaintiff's] claim must be without prejudice."), *with Fuller v. State of Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973) (per curiam) (noting that "[t]he district court acted correctly in dismissing without prejudice [the prisoner's] habeas petition" because "his state remedies had not been exhausted"), *and Chase v. Conner*, 107 F. App'x 827, 828 (10th Cir. 2004) (unpublished) ("stress[ing] that the dismissal" of a prisoner's action for failure to exhaust administrative remedies "was *without prejudice*").

establish that he should be afforded relief.  R., Vol. I, at 361; *see United States v.*

*Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in

society and the possibility that it may spread to a particular prison alone cannot

independently justify compassionate release.").  And there is no evidence on the

record showing how the district court clearly erred in its findings about FPC

Yankton.  Thus, we find unpersuasive Mr. Purify's suggestion that the court

abused its discretion by relying on clearly erroneous findings of fact to dismiss

his motion for compassionate release.[4]

---

[4]     This alternative holding should come as no surprise to Mr. Purify.  During the pendency of this appeal, Mr. Purify submitted another letter to the BOP, this time actually requesting a sentence reduction and compassionate release under § 3582(c)(1)(A)(i) for extraordinary and compelling reasons.  The Warden denied that request on September 23, 2020.  After the denial, Mr. Purify filed a motion requesting compassionate release with the district court under § 3582(c)(1)(A)(i), attempting—as in the instant case—to persuade the court that the COVID-19 pandemic necessitated a reduction of his sentence.  The district court denied that motion on January 4, 2021.  In doing so, the court noted that Mr. Purify did exhaust his remedies this second time around.  Nevertheless, in light of the factors Mr. Purify cited, as well as the "application instructions at USSG § 1B1.13 comment[] (n.1(D))," the court found that Mr. Purify's "history and characteristics and the need for the sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, and provide protection for the public, outweigh the added potential risk posed by the COVID-19 virus to [Mr. Purify], making compassionate release unwarranted." *United States v. Battle*, No. 4:13-cr-00028-JED, ECF No. 2397, at 3 (N.D. Okla., dated Jan. 4, 2021) (dismissing Mr. Purify's second Motion for Compassionate Release).  The district court also noted, as in the instant action, that the BOP had taken "substantial measures to contain the spread of COVID-19," particularly at FPC Yankton.  *Id.*  Finally, the district court observed that, "while [Mr. Purify's] medical history may cause increased complications to a person who contracts COVID-19, [Mr. Purify] has a lengthy criminal history and a history of violating

(continued...)

In sum, though the district court erred in concluding that Mr. Purify's failure to exhaust administrative remedies under § 3582(c)(1)(A) deprived the court of its jurisdiction, we nevertheless uphold the court's judgment because we deem the court's error to be harmless.

## III

Accordingly, for the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[4](...continued)
previous terms of state supervision." *Id.* Notably, Mr. Purify did not appeal this order. In an exercise of our discretion, we take judicial notice of these subsequent district court proceedings. *See, e.g.*, *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").