*Rodriguez v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
>> *Circuit Judges*,

———————————————————————————

JOSE HERNANDO RODRIGUEZ,

> *Petitioner-Appellant*,

> v.                                      No. 15-3565

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

———————————————————————————

FOR PETITIONER:                    GEORGIA J. HINDE, New York, NY.

FOR RESPONDENT:                    DREW JOHNSON-SKINNER (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered by the District Court on November 25, 2013, and September 24, 2015, are **AFFIRMED**.

Petitioner José Hernando Rodriguez appeals from the denial of his 28 U.S.C. § 2255 petition for a writ of habeas corpus, seeking relief from his 2008 convictions for murder in the course of a drug conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) and for aiding and abetting murder by use of a firearm in violation of 18 U.S.C. § 924(j), insofar as Rodriguez claims that he was denied effective assistance of counsel. The District Court granted a certificate of appealability on the following issues: (1) "Was trial counsel ineffective in failing to object to petitioner's prosecution for an offense charged after the expiration of the five-year limitations period for the underlying predicate drug conspiracy?" and (2) "Was trial counsel ineffective in failing to assure that petitioner understood the terms of a plea agreement both by explaining those terms and recommending that petitioner plead guilty with an interpreter's assistance?" We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

In appeals from a district court's denial of relief under § 2255, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was "deficient" as measured by an "objective standard of reasonableness," and (2) actual prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Sixth Amendment right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To establish *Strickland* prejudice in the context of a plea, "a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* When the prejudice alleged is the rejection of a plea offer, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have

been [accepted by the defendant and] presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed." *Id.* at 1385.

Rodriguez first argues that his trial counsel, Stewart Orden, was ineffective because Orden did not challenge the untimeliness of the government's charges—charges premised on a murder that took place on March 17, 1999, but that were not brought until September 13, 2005. Section 3582(a) of title 18 establishes a default statute of limitations of five years for non-capital federal crimes. Section 3281 of title 18, on the other hand, provides that there is no statute of limitations "for any offense punishable by death." Both of the crimes of which Rodriguez was convicted are punishable by death. *See* 18 U.S.C. § 924(j)(1); 21 U.S.C. § 848(e)(1)(A).

Rodriguez argues that the non-capital statute of limitations set by section 3582(a) should nonetheless apply because a condition of his extradition from Colombia to face the charged crimes was that the United States would not seek the death penalty. He urges us to find that Orden should have raised this argument before the District Court. Rodriguez did not make this argument below, and it is not within the issues certified for appeal by the District Court, which define the permitted scope of the appeal. Rodriguez asks that we expand the certificate of appealability to include this argument. *See Gonzales v. Thaler*, 565 U.S. 134, 146 (2012). We decline to do so.[1]

Rodriguez's argument is strained, and appears to be incompatible with Circuit precedent. We have held that what matters in determining which statute of limitation applies is whether the crime is one for which Congress has statutorily authorized the death penalty, regardless of whether the death penalty is sought or available in a given case. *See United States v. Guerrero*, 813 F.3d 462, 466-67 (2d Cir.), *cert. denied*, 137 S. Ct. 98 (2016); *United States v. Payne*, 591 F.3d 46, 58-59 (2d Cir. 2010); *see also United States v. Petrucelli*, 97 F. App'x 355, 359

---

[1] Rodriguez also argues the point that was the subject of the certificate of appealability that was granted: namely, that the very fact that the state did not seek the death penalty suffices to make the case subject to the five-year statute of limitations. That argument is now foreclosed by our decision in *United States v. Guerrero*, 813 F.3d 462, 466-67 (2d Cir.), *cert. denied*, 137 S. Ct. 98 (2016).

(2d Cir. 2004) (summary order) (holding that capital statute of limitations applied to murder charge under 18 U.S.C. § 1959 even when indictment did not allege capital murder); *United States v. Kostadinov*, 721 F.2d 411, 412 (2d Cir. 1983) (per curiam) (holding that case is "capital" for purposes of pretrial bail even when constitutionality of capital punishment was uncertain and the government did not seek the death penalty). For all these reasons, we find that Rodriguez has not 'made a substantial showing of the denial of a constitutional right' as required to grant a certificate of appealability, 28 U.S.C. § 2253(c)(2), and we therefore deny his request to expand the certificate of appealability to permit the argument to be made for the first time on appeal.

Rodriguez also contends that Orden was ineffective because Orden did not bring an interpreter with him when he met with Rodriguez on the eve of trial and relayed the government's plea offer of approximately thirty years' imprisonment. At an evidentiary hearing conducted by the District Court to assess Rodriguez's claim, Orden, Rodriguez, and Rodriguez's previous lawyer testified about the extent to which Rodriguez, a native Spanish speaker, could understand English in the period when the plea offer was made. The District Court denied relief, crediting Orden's testimony that he adequately conveyed the plea offer to Rodriguez, advised Rodriguez to plead guilty, and was unsuccessful in that advice because Rodriguez refused to consider an offer as long as thirty years.

The District Court did not clearly err in finding that Orden sufficiently both communicated the terms of the plea to Rodriguez and advised him about it. We have previously noted that a defendant might bring a plausible claim for habeas relief "by arguing that trial counsel did not effectively communicate the government's plea offer because of a language barrier." *Diaz v. United States*, 633 F. App'x 551, 556 (2d Cir. 2015) (summary order). When counsel has informed a client of a plea offer and advised the client on its merits in light of the strength of the government's case, however, we have found no constitutional deficiency. *See id.*; *Purdy v. United States*, 208 F.3d 41, 47 (2d Cir. 2000). Here, Rodriguez himself testified that Orden relayed the plea offer, told him that the offer was for thirty years, and said that if Rodriguez went to trial he could face a sentence longer than thirty years. The District Court was entitled to credit Orden's testimony that Rodriguez

4

repeatedly declared that he would not accept a plea offer calling for more than eight years' imprisonment and refused to hear more about the plea offer upon being informed by Orden that it called for approximately thirty years' imprisonment. Orden further testified that he believed Rodriguez fully understood his advice about the offer. In keeping with this conclusion, we also note the record evidence that, although Orden typically brought a Spanish interpreter when meeting with Rodriguez, Orden and Rodriguez communicated at counsel table during trial without an interpreter's aid. The District Court's conclusion that Rodriguez understood the offer and the advice to take it was not clearly erroneous, and the habeas petition was properly denied.

* * *

We have considered petitioner's remaining arguments on appeal and find them to be without merit. The judgments of the District Court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5